[No. 1183, August 28, 1907.]

TERRITORY OF NEW MEXICO, Appellee, v. L. A. MEREDITH, Appellant.

### SYLLABUS (BY THE COURT).

1.   The statute providing that unrecorded stock brands shall not be recognized "as any evidence of ownership" does not prevent the recognition of a duly recorded brand as evidence bearing on the question of ownership prior to the record of the brand.

2.   In the trial of one charged with the larceny of a calf bearing a certain brand which the owner did not have recorded until after the time of the alleged larceny, evidence is admissible that the owner began to use the brand ten years before, in Utah, and since then had been using it at the range where it was claimed the larceny occurred as bearing on his good faith in claiming the brand and having it recorded as his own. and on the felonious intent of the appellant in taking the calf.

3.   Leading questions may be put to witnesses at the discretion of the trial judge, and no abuse of that discretion is shown by the record in this cause.

4.   The trial judge was not bound on the evidence in the case to give special instructions on the law of accomplices.

5.   When a specification of the material allegations of an indictment would be practically no more than a repetition of the language of the indictment itself, it is not necessary, and ordinarily would not be helpful to the jury, for the court to include such a specification in its instructions.

The essential facts appear in the opinion.

Territory v. Meredith.

Appeal from the District Court for Union County, before WILLIAM J. MILLS, Chief Justice. Affirmed .

TOOMBS & PAGE, for Appellant.

A brand not recorded on or before the date of the commission of the alleged crime of larceny could not be used to prove ownership at the time. Turner v. State, 45 S. W. Rep. 1020; Priestmuth v. The State, 1 Texas App. 481; Spinks v. State, 8 Tex. App. 125; Coombs v. The State, 17 Tex. App. 266; Gram v. State, 3 S. W. 668; Chaves v. Territory, 6 N. M. 455; C. L. 1897, sec. 107.

Questions asked by the court are subject to the same restrictions and rules of evidence as questions asked by counsel. Wilson v. Territory, 60 Pac. Rep. 112; McMahin v. Wheeling, 27 Calif. 319; State v. Crotts, 60 Pac. Rep. 403.

Before there can be a conviction for larceny of a calf, the Territory must prove that the defendant took the animal without the will, knowledge or consent of its owner. Spears v. The State, 69 S. W. Rep. 533; Hoskins v. State, 43 S. W. 1003; Goode v. State, 17 S. W. 409; Wilson v. State, 61 S. W. 926; Ridge v. State, 66 S. W. 774; Bryant v. State, 8 S. W. 937; Roberts v. State, 1 S. W. 452; Buchanan v. State, 9 S. W. 853; Olivearez v. State, 20 S. W. 751; Lunsford v. State, 15 S. W. 204; Boyd v. State, 6 S. W. 853; Steel v. State, 67 S. W. 328.

It is the duty of the Trial Court to instruct the jury distinctly and precisely upon the law of the case. 12 Cyc. 611-614; Territory v. Baca, 71 Pac. 460; Wengon v. State, 75 S. W. 29; C. L. 1897, sec. 2992; State v. Campbell, 18 S. W. 1109; Territory v. Nichols, 3 N. M. 109; Terry v. Friday, 8 N. M. 204; Territory v. Romaine, 2 N. M. 114; Territory v. Vialpando, 8 N. M. 211; Territory v. Aguilar, 8 N. M. 402; Territory v. Lerma, 8 N. M. 570; Territory v. O'Donnel, 4 N. M. 210; U. S. v. Amador, 6 N. M. 178; Trujillo v. Territory, 7 N. M. 53; Territory v. Young, 2 N. M. 104; State v. Taylor, 118 Mo. 153; State v. Banks, 73 Mo. 592; State v. Palmer, 88 Mo. 572; State v. Horn, 22 S. W. 381; Tittle v. State, 31 S. W. 677; Anderson v. State, 31 S .W. 673; Moore v. State, 33 S. W. 980.

Instructions should have been given on accomplices and testimony of accomplice. 1 Am. & Eng. Enc. 74; Collins v. People, 98 Ill. 584; Edwards v. State, 26 Pac. 258; State v. Coates, 61 Pac. 726; State v. Concannon, 65 Pac. 534; State v. Harris, 65 Pac. 774.

W. C. REID, Attorney General, for Appellee.

While a recorded brand certificate offered in evidence is prima facie evidence of ownership, yet ownership may be established in other ways. Chaves v. Territory, 6 N. M. 455; People v. Bollinger, 7 Cal. 17; Tittle v. State, 30 Tex. App. 599; Wolf v. State, 4 Tex. App. 332; Fisher v. State, 4 Tex. App. 181.

The court may on its own motion ask questions in a leading form, and a clear abuse of such discretion must be shown in order to make it reversible error. Wigmore on Evidence, secs. 769, 771 and 784; Enc. of Evidence, vol. 8, 159.

Sufficiency of Instructions. Territory v. Garcia, 12 N. M. 87.

The court having already charged the material allegations, it was not the court's duty to call attention more specifically again to the material allegations of the indictment. Territory v. Baca, 11 N. M. 563, distinguished.

It was within the discretion of the court to give instructions on accomplices and testimony of accomplice. Collins v. People, 98 Ill. 584.

### OPINION OF THE COURT.

ABBOTT, J.—The defendant, here the appellant, was found guilty by a jury at the March term, 1906, of the Fourth District Court for Union County, Mills, C. J., presiding, of the larceny of one head of neat cattle, a bull calf, the property of Joseph Davis. The calf was nearly a year old, was branded, and had besides certain flesh and skin markings described in the evidence.

The errors assigned relate to the admission of certain evidence, to certain instructions given to the jury, and others refused.

The first error alleged is that the court improperly admitted in evidence a certified copy of the brand of Jo-

seph Davis, who claimed to be the owner of the calf, it appearing that it was not recorded until about thirty-five days after the date of the larceny charged. The statute, section 107, Compiled Laws 1897, which provides that no brands except such as are duly recorded shall be recognized in law as evidence of ownership, does not limit the time to which such proof shall relate. It must have been the case, when that law was enacted, that many cattle in the Territory bore brands which had not been recorded. One object of the law was to have them recorded. On the contention of the appellant, the ownership of cattle branded before the passage of the law could not have been proved by brand, although record was made at the earliest possible moment after the law went into effect. And it must often happen that cattle come into the Territory which were branded elsewhere by their owners. Can it be that such an owner who uses due diligence to record his brand after his arrival here is forbidden to prove his ownership against a thief who takes his cattle in the time which must elapse before his brand could arrive at the place of record? That certainly is not a reasonable view to take of the legislative intent.    2 Cyc. 325, n. 64; Chestnut v. People, 21 Col. 512; Turner v. State, 39 Tex. Crim. 322.

The appellant next contends that it was error to admit evidence that Davis had used the same brand ten years before in Utah. It was charged that the appellant who lived in the vicinity had taken away the calf in question from the range where it was kept by the owner, converted it to his own use and had it killed, and that he did so with the knowledge and intent essential to make his acts larceny. Evidence of the extent and length of time of Davis's use of the brand was material and relevant on the question of the appellant's probable knowledge of it as Davis's brand. Besides, the fact that the brand was not recorded until after the alleged larceny, as it was urged in behalf of the appellant, may have detracted from its probative force and put in doubt the good faith of Davis in claiming it as his brand. Evidence that he had long used it was relevant on that point.

The third error alleged by the appellant is that the trial judge asked a witness for the Territory a leading question. It is well established that the court may, in its discretion, permit leading questions, and that only an abuse of that discretion will warrant an appellate court in declaring it reversible error. Jones on Evidence, section 819; Greenleaf on Evidence (Redfield Ed.) Sec. 435.

It is equally well established that a Trial Judge can himself propound questions to witnesses. Jones on Ev. Section 814, and it would follow beyond doubt that they might be leading questions.

The question asked by the court in the trial of the case at bar was obviously intended to clear up a misunderstanding between counsel for the appellant and a witness for the Territory as to certain testimony given on cross-examination which was susceptible of two meanings. The witness had already in effect given the explanation which it is claimed the question of the court suggested, and the answer to that question did no more than make clear what might otherwise have remained somewhat obscure.

The ninth assignment of error is that the court failed to instruct the jury in relation to the law of accomplices. As the basis of that contention, it is asserted that one of the principal witnesses against appellant was an accomplice on his own testimony. The evidence does not, we think, sustain that claim, and the court was not bound to give instructions on that point beyond the general one that they, the jury, were the sole judges of the weight of the evidence and the credibility of the witnesses, and that in passing on the credibility of any witness or the weight to be given to his testimony, they should consider the relationship of the parties, if any, and the interest which he may have in the result of the case.

It is claimed that the court should have given the jury a definition of larceny, and while that might well have been done, it cannot be said that it would have added anything essential to the obvious meaning of the charge in the indictment that the defendant "did steal, take and knowingly kill one head of neat cattle, the property of

Joseph Davis." Of the truth of that charge the court instructed the jury they must be satisfied beyond a reasonable doubt in order to find the defendant guilty. The material allegations were all embraced in it, and were contained in so few words that it would have tended to confusion rather than clearness to re-state them in another form.

The remaining assignments of error are not of a nature to call for specific examination. There was abundant evidence, if believed, to warrant, if not to require, a verdict of guilty, and this court cannot say the jury should not have believed the witnesses for the Territory in preference of those for the defendant. Judgment affirmed.

SYLLABUS (BY THE COURT).

