[Civ. No. 8085.   Third Dist.   Mar. 31, 1952.]

JACQUELINE L. MILLER, Appellant, v. REPUBLIC
GROCERY, INC., Respondent.

Blewett, Blewett & Macey and Rolla L. Garretson, Jr., for
Appellant.

Parkinson, Nichols & May for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal by plaintiff from an order denying plaintiff's motion to set aside nonsuit and to reopen cause and for consent to file amendment to pleadings.

The factual situation as disclosed by the record is as follows:

Plaintiff commenced an action against defendant upon a promissory note executed by defendant to one Catalina S. Cruz for the sum of $5,400. The complaint alleged the corporate existence of defendant, the execution of the note, which was set out in full, and further that nothing had been paid on the note. There was no allegation that the note had been assigned by the payee to plaintiff. A general demurrer was interposed by defendant, and no appearance being made at the time it came on for argument the demurrer was overruled by the court. Defendant thereafter filed an answer, admitting the execution of the note but denying that it was made for a valuable consideration, or that anything was due to plaintiff upon it; and also setting up four separate defenses.

The case came on for trial on December 8, 1950. Plaintiff called as a witness Catalina Cruz, the payee of the note, who testified as to the execution of the note and that nothing had been paid upon it. Plaintiff's counsel then sought to introduce in evidence the assignment from the payee to plaintiff and the following appears in the reporter's transcript:

"MR. GARRETSON: I will show you Plaintiff's Exhibit 2 for identification and entitled 'Assignment of Note for Collection', dated September 12th, 1948, and ask you whether that is your signature? A. Yes, that is my signature.

"Q. And what is that Mrs. Cruz?

"MR. PARKINSON: Well the document is the best evidence if the Court please. A. Yes, I had Mrs. Miller——

"MR. PARKINSON: Just a moment, a document is the best evidence, we object to her conclusion as to what it is.

"MR. GARRETSON: Mrs. Cruz, you by this instrument, assigned all your interest in the promissory note to a Jacqueline L. Miller? A. Yes sir.

"MR. PARKINSON: Object to that and ask the answer be stricken out, the document is the best evidence.

"THE COURT: The objection is sustained.

"MR. GARRETSON: We offer Plaintiff's Exhibit 2 for Identification in evidence.

"MR. PARKINSON: Object to that as not within the issues of the pleadings.

"MR. GARRETSON: If Your Honor please, Jacqueline L. Miller is the plaintiff in this action and on the basis of that we certainly have a right to show that Mrs. Cruz' interest in the original promissory note has been assigned to the plaintiff, Jacqueline L. Miller.

"MR. PARKINSON: The fact that Jacqueline L. Miller, is the plaintiff in the action has no bearing on it at all if it is not within the issues of the pleadings. The caption of the name of the plaintiff does not take the place of the pleadings.

"THE COURT: Well, there is no issue in the pleadings concerning it.

"MR. GARRETSON: That is correct, Your Honor, I note that in the pleadings.

"THE COURT: The objection will have to be sustained. As far as these pleadings are concerned, Jacqueline L. Miller is a perfect stranger."

Then followed some cross-examination by counsel for defendant, some redirect examination by counsel for plaintiff, and the record shows:

"MR. GARRETSON: Plaintiff rests.

"MR. PARKINSON: At this time we move for a judgment of nonsuit, no cause of action shown in favor of plaintiff in this case.

"THE COURT: The motion will be granted."

On December 13, 1950, plaintiff filed a notice of motion to set aside nonsuit and to reopen the cause and for consent to file an amendment to the pleadings. Accompanying said notice of motion was an amended complaint setting forth an assignment of the promissory note from Catalina S. Cruz, the payee therein named, to plaintiff, and the affidavits of Robert N. Blewett and of Rolla L. Garretson, Jr., in support of the motion. Said affidavits alleged the following: Robert N. Blewett, as one of the attorneys for plaintiff prepared the original complaint in the action, and that through inadvertence and mistake the original complaint did not contain the allegation that the note sued upon had been assigned to plaintiff. That on the day before the trial Robert N. Blewett, because of his illness, asked one of his associates, Rolla L. Garretson, Jr., to handle the matter, and that Rolla L. Garretson, Jr., had a short time to prepare the case, and through inadvertence was not aware of the fact that the assignment had not been alleged in the original complaint, and that when the point was first raised at the trial, a general demurrer hav-

ing been previously overruled, Rolla L. Garretson, Jr., through inadvertence failed to move the court for an amendment to the complaint to allege the assignment, and that an amendment to the pleadings would simply allege the assignment of the note sued on, and that this would in no manner change the cause of action or cause any prejudice to the defendant who was prepared to proceed with the trial of the action on its merits, having all of its witnesses present in court, and that it would defeat the ends of justice and be an abuse of judicial discretion to permit the judgment of nonsuit to remain. No counteraffidavits were filed.

On February 5, 1951, the court made the order from which the appeal is taken, said order reading: "It is ordered that the motion to set aside is denied, provided, however, that the order for a non-suit heretofore entered be amended by adding the words: 'Without prejudice.' "

Appellant contends that section 473 of the Code of Civil Procedure authorizes a court in furtherance of justice to allow a party to amend any pleading and to relieve a party from any judgment or order taken against him through his mistake, inadvertence, surprise or excusable neglect, and that under the facts of the instant case the order appealed from was an abuse of the court's discretion and should be reversed.

Respondent concedes that, as stated in the case of *Hughes* v. *Chung Sun Tung Co.*, 28 Cal.App. 371 [154 P. 299, 301], a trial court has power, after a nonsuit has been granted, to set it aside and permit the filing of an amended complaint. But respondent contends that there has been no showing of any abuse of discretion in the instant case because, argues respondent, appellant has had her day in court, the defects in pleading and evidence necessitating the nonsuit were called to the attention of appellant's counsel in the course of the trial and he did nothing to remedy them but rested his case prior to the granting of the nonsuit.

As was said in *Berry* v. *Chaplin*, 74 Cal.App.2d 669, at page 672 [169 P.2d 453] :

"In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered. (*Makzoume* v. *Makzoume*, 50 Cal.App.2d 229, 231 [123 P.2d 72].) An abuse of discretion is never presumed but must be affirmatively established by the party complaining of the provisions of the order. [Citing cases.] The burden is on the party complaining of the order to establish an abuse of discretion,

and unless a clear case of abuse is shown and unless there has been a miscarriage of justice an appellate court will not substitute its opinion and thereby divest the trial court of its discretionary power. [Citing cases.]''

And in the early case of *Lybecker* v. *Murray*, 58 Cal. 186, the court said at page 189:

''. . . Under no circumstances is the discretion of the Court to be exercised arbitrarily, but it is a discretion, governed by legal rules, to do justice according to law or to the analogies of the law, as near as may be. . . . It must be exercised within the limitations above stated to promote substantial justice in the case.''

In *Fine* v. *Fine*, 76 Cal.App.2d 490, the court said at page 495 [173 P.2d 355]:

''In determining the question as to whether an abuse of discretion occurred in this case, we have in mind the language employed in *Clavey* v. *Lord* (1891), 87 Cal. 413 [25 P. 493], where the court said (p. 419): 'The only limitation that the law has placed upon the exercise of discretionary judicial power is, that it must not be abused. While it may be difficult to define exactly what is meant by abuse of judicial discretion, and whatever it may imply as to the disposition and motives of the judge, it is fairly deducible from the cases that one of its essential attributes is, that it must plainly appear to effect injustice.' (See, also, *Hale* v. *Hale* (1935), 6 Cal.App.2d 661, 663 [45 P.2d 246].)''

It is apparent that the instant action was one brought on a promissory note by the person to whom it had been assigned for collection. The allegation as to the assignment of the note to plaintiff was omitted, due undoubtedly to an oversight, as there is no intricacy in such a pleading. A general demurrer was interposed by defendant and this was overruled by the court without being argued. Defendant filed an answer, not denying the execution of the note, but denying consideration and denying that anything was due to plaintiff thereon. Defendant also set up a number of special defenses, in one of which it was alleged that plaintiff had no beneficial interest in the note. It is apparent also that the counsel who appeared at the trial for plaintiff had not drawn the complaint but knew that a general demurrer to it had been overruled. When counsel for appellant sought to introduce the assignment in evidence objection was made by respondent's counsel that it was not within the issues, and counsel for appellant, due no doubt

to inexperience and surprise, did not ask leave to amend the complaint (which amendment would, of course, have been allowed by the court), and the objection was sustained, and the granting of the nonsuit followed as shown by the record.

We believe that when the assignment was offered in evidence, and objection to its introduction was made, and it appeared that the allegation as to the assignment had been omitted from the complaint, the trial judge should have suggested to counsel for appellant that the complaint be amended in this respect. For as said in the case of *Farrar* v. *Farrar*, 41 Cal.App. 452, at page 457 [182 P. 989] :

"It is time it was understood that a trial judge does not sit as a mere referee in a contest of wits between counsel in the case, but that it is not only within his province, but is his duty, to see that as nearly as possible the issues shall be disposed of on their merits; and it is not out of place for him to call attention to omissions in the evidence or defects in the pleadings which are likely to result in a mistrial."

In *Hellings* v. *Wright*, 29 Cal.App. 649 this court said at page 656 [156 P. 365] :

"Appellant complains because the court reopened the case and allowed plaintiff to offer additional evidence after a motion had been made for a nonsuit. The purpose was to clear up any uncertainty as to whether plaintiff had obtained the required contracts from the purchasers to whom he had sold the lots on the monthly installment plan. Such action was not only within the discretion of the trial judge, but it was plainly his duty to see that the cause should not be defeated by the mere inadvertence of counsel for respondent. It seems sometimes to be thought that the highest prerogative of the trial court is to conduct the proceedings so that the cause may be won or lost by virtue of some technical advantage. The truth is, of course, that the trial court should see, if possible, that the case is tried upon its merits and decided fairly and justly."

In *Bare* v. *Parker*, 51 Cal.App. 106, at page 108 [196 P. 280], it is stated:

"Counsel for intervener complains that the court ignored the oral stipulation of himself and counsel for plaintiff and made a finding contrary thereto. Nearing the close of trial counsel for intervener proposed several stipulations that were assented to by counsel for plaintiff. One was that 'the property which stood in the name of Charles B. Bare and Jennie

Bare, was at the date of the deeds, and thereafter, held by them as tenants in common.' Undoubtedly assent was unwittingly given to this stipulation. It negatives the theory of plaintiff's case and would have stipulated him out of court. The trial court appreciated the situation and properly refused to permit an inadvertence or want of attention on the part of counsel to work what he conceived to be an injustice. 'A trial court does not sit as a mere referee in a contest of wits between counsel in the case, but that it is not only within his province, but is his duty, to see that as nearly as possible the issues shall be disposed of on their merits. . . .' (*Farrar* v. *Farrar*, 41 Cal.App. 452 [182 P. 989].)''

In *Estate of Dupont*, 60 Cal.App.2d 276, the court said at page 290 [140 P.2d 866]:

''It apparently cannot be repeated too often for the guidance of a part of the legal profession that a judge is not a mere umpire presiding over a contest of wits between professional opponents, but a judicial officer entrusted with the grave task of determining where justice lies under the law and the facts between the parties who have sought the protection of our courts. Within reasonable limits, it is not only the right but the duty of a trial judge to clearly bring out the facts so that the important functions of his office may be fairly and justly performed. [Citing cases.]''

And in the recent case of *Feigin* v. *Kutchor*, 105 Cal.App. 2d 744, at 748 [234 P.2d 264], this court said:

''A trial is more than a contest between opposing counsel, and a trial judge is more than an umpire in a battle of wits between opposing counsel. The administration of justice is not improved by slavish adherence to technical rules of pleading, but counsel and court should cooperate in having the pleadings so shaped that the controversy between the parties litigant may be fully and fairly determined upon its merits and in accordance with substantial justice.''

In view of the foregoing authorities, we are convinced that the trial court, having permitted the nonsuit to be granted, should have granted appellant's motion to set aside the nonsuit and permit the filing of the amendment showing the assignment, and that, under the peculiar circumstances of the instant case, it was an abuse of discretion to deny said motion. The beneficent provisions of section 473 of the Code of Civil Procedure are intended to permit amendments and

to relieve a party "from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect," when such action is in furtherance of justice. Here it is undisputed that defendant was present in court with his witnesses, and with the making of the simple amendment showing the assignment of the note to plaintiff, the trial could have proceeded and the controversy between the parties could have been determined expeditiously upon its merits and in accordance with substantial justice. As was said in *Airline Transport Carriers* v. *Batchelor,* 102 Cal.App.2d 241, 248 [227 P.2d 480]:

"It is, of course, the policy of the law that every case should be heard on its merits, and as stated in *Nicoll* v. *Weldon,* 130 Cal. 666, 667 [63 P. 63]: 'Section 473 . . . is a remedial provision, and is to be liberally construed so as to dispose of cases upon their substantial merits, . . . .' "

The order appealed from is reversed with directions to the trial court to set aside the judgment of nonsuit and to permit the filing of the amended complaint.

Adams, P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied April 24, 1952, and respondent's petition for a hearing by the Supreme Court was denied May 26, 1952.