572 P.2d 1274

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Jerry Wayne TRAXLER,
Defendant-Appellant.**

**No. 3038.**

Court of Appeals of New Mexico.

Dec. 6, 1977.

Bruce A. Larsen, Hobbs, for defendant-appellant.

Toney Anaya, Atty. Gen., Sam J. G. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of armed robbery of Jay's Lounge in Lovington, defendant appeals. Two issues have been briefed. Issues listed in the docketing statement, but not briefed have been abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). The two issues involve: (1) the trial court's questioning of a witness; and (2) the trial court's refusal to give U.J.I.Crim. 40.11. Both issues involve Detective Thomas who was called as a witness by both the prosecution and the defense.

*Trial Court's Questioning*

As a prosecution witness, Thomas testified that Bailey had confessed to the robbery and had also implicated defendant. On cross-examination, the defense brought out that Bailey had wanted to get a "package deal" for the armed robbery and other felonies that he had committed. Before Thomas was excused as a witness, the trial court questioned Thomas as to "the two other charges you were referring to". This questioning brought out that two counts of armed robbery, separate from the armed robbery of Jay's Lounge, had been reduced to one charge of attempted armed robbery.

THE COURT: The point I am making is, it is to the discretion of the Court and you have no discretion over this at all?

THE WITNESS: Yes, sir.

THE COURT: In fact, I was the Judge and you know that?

THE WITNESS: I don't recall, sir.

After a recess (see Evidence Rule 614(c)), defendant objected to the trial court's questions which brought out that Judge Neal was the judge who had sentenced Bailey. The trial court explained that it had asked the questions because of the implication made by defendant in his opening statement. "What I am saying to you is that I was straightening your remarks out. . . . If you do it again, your client or anyone, I want you to use court records. I don't want you misstating facts." The defense objections were overruled and the defense motion for a mistrial was denied.

Defendant contends the questioning by the trial court showed bias against the defendant. That is incorrect. The remarks were directed to Bailey's plea bargain, they were not directed toward defendant.

Defendant also contends that the trial court's questions exceeded the court's right to question witnesses. Defendant argues that his defense was that Bailey was unworthy of belief because Bailey was offered leniency in return for his promise to testify against defendant. He argues that the trial court's questions were to the effect that the plea bargain was approved by the trial court "and thus free from any improprieties such as a promise of leniency in return for testimony from Mr. Bailey implicating Defendant in the crime."

Defendant's contention lacks a factual predicate. The evidence is that there was no promise of leniency. There is no evidence that Bailey testified against defendant as part of a plea bargain. Bailey could not remember the fact of his testifying ever being mentioned. Thomas' testimony is set forth in the discussion of the second issue.

The trial court explained why he asked the questions—to correct misstatements made by defense counsel in the opening statement. We cannot determine whether misstatements were in fact made because the opening statements are not included in the appellate transcript. See *State v.*

*Franklin*, 78 N.M. 127, 428 P.2d 982 (1967); *State v. Sanchez*, 87 N.M. 140, 530 P.2d 404 (Ct.App.1974).

On the record before us, the trial court's questions did not amount to an implied comment on the evidence and did not favor either the prosecution or the defense. Rather, the questions were proper under Evidence Rule 614(b) and *State v. Sedillo*, 76 N.M. 273, 414 P.2d 500 (1966). See *State v. Herrera*, 90 N.M. 306, 563 P.2d 100 (Ct.App.1977); *State v. Gurule*, 90 N.M. 87, 559 P.2d 1214 (Ct.App.1977).

*Refusal to Give U.J.I.Crim. 40.11*

The trial court refused to give U.J.I.Crim. 40.11, which reads:

Testimony given by a witness at a [preliminary hearing][2] [deposition] [previous trial] [has been read to you from the reporter's transcript of that proceeding][3] [has been presented by tape recording]. You are to give such testimony the same consideration as the testimony of witnesses who have testified here in court.

The Use Note to the instruction states:

1. This instruction shall be used only when the prior testimony has been admitted as substantive evidence, not when it is admitted solely for impeachment or as a prior consistent statement.

2. Use applicable description of source of prior testimony.

3. Use applicable type of presentation.

There are three aspects to this issue.

(a) Defendant contends the trial court denied defendant a reasonable opportunity to tender the instruction. This is incorrect. The instruction was tendered to, and refused by the trial court. The transcript shows that the trial court cut off defendant's argument as to why the requested instruction should be given. This did not harm defendant since the "failure to instruct" issue was preserved by tendering a correct written instruction before the jury was instructed. Rule of Crim.Proc. 41(d).

(b) Defendant contends he was entitled to the instruction. The evidence asserted to support this argument is the testimony of Thomas when called as a defense witness. It reads:

Q  All right, did you ever tell him [Bailey] you would like for him to testify against other people?

A  Specifically like that, I don't know.

Q  Let me ask you this. You do recall testifying at the preliminary hearing in this case?

A  Yes, sir.

Q  Do you recall me asking you this question and you giving this answer? "You didn't promise him he would have to testify or testifying against other people, was that mentioned? I don't think that was a condition of him. I told him we would like for him to." Is that what you stated?

A  Apparently. I don't recall the exact words of it.

■  The above questions show the defendant used Thomas' preliminary hearing testimony for purposes of impeachment— were you asked this question and did you make this answer. Thomas' answer did not distinctly admit the question and answer were accurate. At that point, defendant could have introduced the question and answer as substantive evidence. *State v. Rodriquez*, 23 N.M. 156, 167 P. 426 (1917), L.R.A. 1918A, 1016 (1918); see Evidence Rule 613(b). Defendant did not offer the question and answer into evidence. Compare *Franklin's Earthmoving, Inc. v. Loma Linda Park, Inc.*, 74 N.M. 530, 395 P.2d 454 (1964). No preliminary hearing testimony having been admitted as substantive evidence, there was no basis for giving U.J.I. Crim. 40.11.

■  (c) Assuming, but not deciding, that U.J.I.Crim. 40.11 should have been given, what would be the consequence of the failure to give an instruction that the General Use Note to U.J.I. Criminal states "must be used"? Such a situation would be judged on the same basis as the mandatory instructions of U.J.I. Civil. *Jewell v. Seidenberg*, 82 N.M. 120, 477 P.2d 296, 49 A.L.R.3d 121 (1970) states:

[A]lthough the use of U.J.I. is mandatory, we did not intend to place form above substance in adopting the instructions. The standards there set forth will be our first consideration, and any deviation from them shall be held to be error. In determining whether it is reversible error, we will accept the slightest evidence of prejudice, and all doubt will be resolved in favor of the party claiming prejudice.

Here the slightest evidence of prejudice is missing because there is nothing casting any doubt on the evidence that Bailey did not testify against defendant as part of a plea bargain.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.