577 P.2d 452

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Susie Margaret FUENTES, Defendant-Appellant.**

No. 3173.

Court of Appeals of New Mexico.

March 7, 1978.

Writ of Certiorari Denied April 6, 1978.

Robert Suzenski, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant was convicted of child abuse, resulting in death. Section 40A–6–1, N.M.S.A. 1953 (2d Repl. Vol. 6, Supp. 1975). The sufficiency of the evidence is not challenged, it need not be set out. We discuss: (1) exclusion of polygraph test results; and (2) mistake of fact; then (3) answer several issues summarily.

*Exclusion of Polygraph Test Results*

*State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977) summarizes four requirements for

the admissibility of polygraph test results. The four requirements are: (1) evidence of the qualifications of the operator, (2) testimony to establish the reliability of the testing procedure, (3) validity of the tests made on the subject, and (4) relevance of the test results as to defendant's truthfulness. The trial court exercised its discretion and excluded the test results. The issue is whether the trial court abused its discretion. *State v. Brionez*, 91 N.M. 290, 573 P.2d 224 (Ct.App.1977). This issue involves requirements 1 and 3.

During the evidentiary tender concerning the qualifications of the operator, defense counsel started to question the operator as to his "knowledge of physiological—". The trial court interrupted before the question was completed and inquired if "that" was one of the criteria for admissibility. Thereafter, defendant made no attempt to introduce evidence that the operator was qualified to determine whether, because of defendant's physical or mental health, the test should proceed. When the prosecutor sought to cross-examine as to the extent of the operator's training in physiology and psychology, the trial court would not permit the questioning.

The examinee may be unfit for polygraph testing due to a physical or mental problem. *United States v. DeBetham*, 348 F.Supp. 1377 (D.C.Cal.1972), aff'd, 470 F.2d 1367 (9th Cir. 1972), cert. denied, 412 U.S. 907, 93 S.Ct. 2299, 36 L.Ed.2d 972 (1973). The operator must be qualified to determine whether the examinee is a fit subject for testing. *State v. Brionez*, supra; see opinion of Judge Wood in *State v. Alderete*, 86 N.M. 176, 521 P.2d 138 (Ct.App.1974). The trial court erred in not permitting inquiry into this aspect of the examiner's qualifications. The absence of evidence as to this aspect of the examiner's qualifications does not, however, sustain the exclusion of the test results because the tapes show the trial court would not permit evidence as to this aspect. *State v. Shaw*, 90 N.M. 540, 565 P.2d 1057 (Ct.App.1977).

In excluding the polygraph test results, the trial court stated that three, of four,

questions asked by the operator, the responses to which were utilized by the operator in arriving at an opinion of truthfulness, were not relevant. Defendant has argued relevancy in the sense of tending to prove an issue being tried. See *State v. Martin*, 90 N.M. 524, 565 P.2d 1041 (Ct.App.1977). That is not the sense in which the trial court used the word. Nor did the trial court use relevancy in the sense used in *State v. Bell*, supra; that is, tending to prove that defendant's truthfulness was more likely or less likely. The trial court stated that the questions were too oblique, too indirect. Thus, relevancy is not involved; the trial court excluded the test results on the basis that three of the operator's questions were not appropriate. The exclusion was on the basis of the requirement 3—validity of the tests.

The three questions, ruled to be inappropriate, went to defendant's intent—"did you hit Cesar because you wanted to hurt him?"; "did you intend to take Cesar's life?"; "did you hit Cesar to wake him up?"

The fact that the questions involved intent did not make the questions inappropriate. Expert opinion testimony as to defendant's intent is admissible. *State v. Ellis*, 89 N.M. 194, 548 P.2d 1212 (Ct.App. 1976). The questions, however, were not offered as evidence of intent but as evidence of the validity of the test.

The testing method used was to ask a "control" question and follow the control with a "relevant" question. "Relevant" is not used here in the sense of tendency to prove a fact. See Evidence Rule 401; *State v. Bell*, supra. "Relevant" questions are utilized in scoring the test results, see *State v. Brionez*, supra, and the appropriateness of these questions go to the validity of the test.

The operator in *State v. Brionez*, supra, testified that the more the "relevant" question excludes the possibility of rationalization, the better the question, and vice versa. A good "relevant" question is one that can be answered without thought processes; one that goes to specific facts. The same

operator testified in this case; his testimony is consistent. The operator testified that "intention questions are always very difficult because they are broad, they require a lot of thought processing." Inasmuch as the test measures the way the examinee "sees things", questions which invited defendant to rationalize about her intent could properly be excluded on the basis the questions "were not good enough to be let in"; that the "intent questions contaminated the test results". Such a ruling was not an abuse of discretion. *State v. Brionez,* supra.

We have not overlooked the fact that the operator gave his opinion that the test results were valid even though three of his relevant questions were too imprecise. In light of this testimony, should the test results have been admitted? If not admitted, does the standard for admissibility of polygraph test results differ from the standard for admitting other expert testimony?

■ The standards are the same. It is for the trial court to determine whether an offered expert is sufficiently qualified to testify in a cause. *State v. Garcia,* 76 N.M. 171, 413 P.2d 210 (1966). In considering the admissibility of polygraph test results, there are more qualifications to be examined—the operator, the testing procedure, the validity of the tests; but all involve qualifications. The trial court's discretionary ruling as to whether the test results are qualified does not differ from the discretionary ruling involved in the admission of other expert testimony. The operator's opinion that the test results were valid did not require the trial court to admit that testimony and did not foreclose the trial court from ruling, in its discretion, that because of insufficient qualifications, the test results should be excluded.

*Mistake of Fact*

■ Defendant requested the trial court to instruct on mistake of fact. U.J.I. Crim. 41.15. Her requested instruction was refused; defendant asserts this was error. We disagree.

■ The instruction was properly refused because criminal intent is not required to commit child abuse. *State v. Lucero,* 87 N.M. 242, 531 P.2d 1215 (Ct.App. 1975). Mistake of fact is a defense "when it negatives the existence of the mental state essential to the crime charged." LaFave and Scott, Criminal Law, § 47 (1972); Hall, General Principles of Criminal Law, pages 365–366 (2d ed., 1947). Since defendant's mental state is not essential to the crime of child abuse, mistake of fact was not a defense and an instruction on mistake of fact would not have been proper. Compare Use Note to U.J.I. Crim. 1.50.

In light of the foregoing, we do not reach the question of whether refusal of a mistake of fact instruction, in crimes involving criminal intent, could ever be reversible error under *State v. Traxler,* 91 N.M. 266, 572 P.2d 1274 (Ct.App.1977). This question arises because a mistake of fact instruction is just another way of saying that a defendant cannot be convicted when he does not have the mental state required for commission of the offense charged. LaFave and Scott, Criminal Law, supra. Since the approved jury instructions cover the intent which *must be proved,* could defendant be harmed by a failure to instruct on mistake of fact?

*Issues Summarily Answered*

■ (a) Defendant was arraigned on an amended information in the presence of a panel of prospective jurors. Defendant did not object at the time. After voir dire and during the exercise of peremptory challenges, defendant moved for a mistrial, claiming she had been denied a fair trial and compelled to be a witness against herself. The self-incrimination claim is frivolous. Defendant said nothing, her counsel entered a plea of not guilty. There was no testimony from defendant and therefore no incriminating testimony. What the prospective jurors heard during the arraignment was no more than the information the trial court is directed to give to jurors pursuant to the first paragraph of U.J.I. Crim. 1.00. There was no denial of a fair trial.

In addition, the motion for mistrial was not timely. *State v. Alderette*, 86 N.M. 600, 526 P.2d 194 (Ct.App.1974).

■ (b) Several witnesses testified to prior injuries to the child, including prior bone fractures in the arm and burns on the buttocks. Defendant claims this testimony was improperly admitted under Evidence Rules 404(b) and 403. She also claims that even if admissible the testimony should have been excluded because insufficiently connected to defendant. There is evidence that defendant was "taking care" of the child at the time these injuries occurred. Evidence as to these injuries was properly admitted to prove absence of mistake or accident in the incidents resulting in the child's death; in addition, there was no contention in the trial court that the evidence was inadmissible under Evidence Rule 404(b). There was a belated claim in the trial court concerning Evidence Rule 403, which was properly rejected.

■ (c) In her opening statement to the jury, the prosecutor stated that a certain witness would testify to hearing thumping sounds coming from defendant's apartment on the morning that the child died. The prosecutor did not call this witness. Defendant contends that the failure to call the witness, referred to by the prosecutor in her opening statement, denied defendant a fair trial. There was no denial of a fair trial; the defense opening statement and defendant's trial testimony were to the effect that the thumping sounds came from defendant's efforts to kill a rat. There is nothing indicating bad faith on the part of the prosecutor in referring to the witness in her opening statement. *State v. Torres*, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

■ (d) In October, 1976 a pediatric physician reported suspected child abuse and the child was placed in the care of foster parents. In early December, 1976 the child was returned to the family home after a court hearing. The physician was not called as a witness at that hearing. The death occurred December 15, 1976. Cross-examining the physician, defendant severely attacked the physician for not taking active steps to see the child was cared for. The physician stated she felt "psychological guilt" in connection with the child's death. The following then occurred:

Q. Do you think that the lawyer who got the little boy back for the parents, who won the Court hearing where the child was taken from foster parents and returned to the parents, do you think he should feel guilty?

A. I can't answer for the lawyer.

Q. Do you know who the lawyer was? I was he.

The Court: Maybe you can answer that question.

Counsel: I don't.

Defendant asserts the court's comment was improper and denied defendant a fair trial. We disagree. Counsel's question was a part of extended harassment of the witness and irrelevant; counsel's testimony was improper. The trial court's action cut off further improper action by counsel and was action consistent with insuring the trial was properly conducted. Evidence Rule 611(a).

■ (e) Defendant complains of the admission into evidence of certain plaster casts and certain photographs. She asserts they were gruesome and otherwise prejudicial. These exhibits illustrated, clarified and corroborated the testimony of witnesses. The trial court did not abuse its discretion in admitting the exhibits. *State v. Noble*, 90 N.M. 360, 563 P.2d 1153 (1977).

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.