601 P.2d 83
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Mike SANDERS, Defendant-Appellant.**

**No. 3944.**

Court of Appeals of New Mexico.

Sept. 13, 1979.

Narciso Garcia, Jr., Toulouse, Krehbiel & DeLayo, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

We reverse defendant's conviction of child abuse because of the trial court's refusal to give defendant's requested instruction limiting the jury's consideration of certain evidence. None of the other issues briefed by defendant amount to reversible error and, thus, are not discussed.

The child abuse offense, § 30–6–1(C), N.M.S.A.1978, was submitted to the jury on the basis that defendant knowingly or intentionally, and without justifiable cause, caused or permitted the child to be tortured or cruelly punished.

The prosecution introduced evidence of two incidents of alleged child abuse prior to the incident in question. This evidence was introduced, under Evidence Rule 404(b), to prove the incident in question was not an accident.

U.J.I. Crim. 40.28 is an approved instruction which limits the jury's consideration of evidence of other wrongs or offenses to the purpose for which the evidence was introduced.

Defendant's requested instruction, consistent with U.J.I. 40.28, would have limited jury consideration of the prior incidents to "absence of accident . . . ." This requested instruction was refused.

The Use Note to U.J.I. Crim. 40.28 states that upon request, this instruction shall be given at the time final instructions are given to the jury. This "use" is consistent with Evidence Rule 106. Refusal of the requested instruction was error.

In *State v. Traxler,* 91 N.M. 266, 572 P.2d 1274 (Ct.App.1977) we considered the consequence of a failure to give an instruction that U.J.I. Crim. states "shall" be given, and held that upon a showing of the slightest evidence of prejudice, the error would be reversible error. Compare *State v. Fuentes,* 91 N.M. 554, 577 P.2d 452 (Ct.App. 1978). Evidence as to defendant's responsibility for the child's injury was severely disputed, and defendant's credibility was crucial. See *State v. Day,* 91 N.M. 570, 577 P.2d 878 (Ct.App.1978). In this situation there is a sufficient showing of prejudice so that the failure to give the instruction based on U.J.I., Crim. 40.28 was reversible error.

The conviction is reversed and remanded with instructions to grant defendant a new trial.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.