608 P.2d 148
**Thomas POORE, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 12587.**

Supreme Court of New Mexico.

March 19, 1980.

Roderick A. Dorr, Santa Fe, for petitioner.

Jeff Bingaman, Atty. Gen., Sammy Lawrence Pacheco, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

FELTER, Justice.

Defendant-petitioner was tried, convicted and sentenced for vehicular homicide. The Court of Appeals affirmed the conviction, and from such affirmance defendant petitioned for a writ of certiorari. The sole question raised by the petition for certiorari is whether the trial court erred in refusing defendant's tendered jury instruction, N.M. U.J.I.Crim. 2.51, N.M.S.A.1978, and consequently whether the Court of Appeals erred in affirming the action of the trial court. We reverse the decision of the Court of Appeals and the judgment and sentence by the trial court.

In refusing U.J.I.Crim. 2.51, the trial court commented that there was no evidence to support the instruction. The Court of Appeals disagreed with that conclusion, and stated that:

From defendant's testimony, the jury could have determined that the actions of the girls, particularly the action of the girl who stood in the traffic lane, was the "only cause" of the accident resulting in decedent's death.

The evidence in support of giving this instruction is that three girls were crossing a street when they noticed defendant's car approaching; they panicked and one girl retreated to the curb; the decedent continued crossing the street toward the median, and the third girl stood in a traffic lane. Defendant's car hit the median and then struck the decedent either on the median or in the turning lane adjacent to the median. Defendant testified that when he noticed the girls coming out into the street and one girl standing in the traffic lane, he slammed on his brakes and lost control of his car as it started sliding or fishtailing.

U.J.I.Crim. 2.51 and its Use Note, read as follows:

Negligence of the deceased [or some other person] [2] which may have contributed to the cause of death does not relieve the defendant of responsibility for an act which also contributed to the cause of death. However, if you find that negligence of the deceased [or some other person] [2] was the only cause of death, then the defendant is relieved of all responsibility for the death of the deceased.

### USE NOTE

1. For use in conjunction with Instruction 2.50. Instruction 2.52 should be given in lieu of this instruction if medical "negligence" is in issue.

2. Use the bracketed phrase only if negligence of a third person is in issue.

■ The State asserts that in light of other evidence in the case, defendant's testimony was incredible. In rejecting this contention, the Court of Appeals correctly

held that the credibility of the witnesses was for the jury to determine. In support of this contention, *see Tapia v. Panhandle Steel Erectors Company,* 78 N.M. 86, 428 P.2d 625 (1967); *Dungan v. Smith,* 76 N.M. 424, 415 P.2d 549 (1966); *Martinez v. Fluor Utah, Inc.,* 90 N.M. 782, 568 P.2d 618 (Ct. App.1977); *Curtiss v. Aetna Life Ins. Co.,* 90 N.M. 105, 560 P.2d 169 (Ct.App.1976), *cert. denied,* 90 N.M. 7, 558 P.2d 619 (1976); *Westbrook v. Lea General Hospital,* 85 N.M. 191, 510 P.2d 515 (Ct.App.1973), *cert. denied,* 85 N.M. 228, 511 P.2d 554 (1973); *Mascarenas v. Gonzales,* 83 N.M. 749, 497 P.2d 751 (Ct.App.1972).

The rationale and decision adopted by the Court of Appeals, with which we disagree, stems from the following quoted portions of its opinion:

The jury was twice instructed that defendant must have caused the death. Could defendant be harmed by a failure to instruct, in accordance with U.J.I.Crim. 2.51, that if the "negligence of the deceased, or some other person, was the only cause of death, then the Defendant is relieved of all responsibility for the death of the deceased"? Compare *State v. Fuentes,* 91 N.M. 554, 577 P.2d 452 (Ct.App.1978).

U.J.I.Crim. 2.51 is an approved instruction. Its use is mandated by the General Use Note to U.J.I.Crim. Use Note 1 to U.J.I.Crim. 2.51 states that the instruction was for use in conjunction with U.J. I.Crim. 2.50, which was given. The question is whether there was the slightest evidence of prejudice to defendant by the refusal of the trial court to give U.J.I. Crim. 2.51. See *State v. Traxler,* 91 N.M. 266, 572 P.2d 1274 (Ct.App.1977). The slightest evidence of prejudice is missing because the refused instruction does no more than state the negative of the two instructions requiring proof, beyond a reasonable doubt, that defendant caused the death.

If under any reasonable hypothesis the instruction could have been of any benefit to the defendant when considered by a jury of lay persons, then defendant was harmed and prejudiced by the refusal to give it. An analysis, stripped of the reasoning by a legal mind, as when viewed by a lay person, in our opinion would lead to the inescapable conclusion that U.J.I.Crim. 2.51 focuses directly upon defendant's theory of the case. When this instruction is given, there is no necessity of fitting such defense into instructions by implication, such as is the case with U.J.I.Crim. 2.60 and 2.50, N.M.S.A. 1978. U.J.I.Crim. 2.51 sets out defendant's defense directly and not obliquely by inference as is the cause with U.J.I. 2.60 and 2.50. If indeed U.J.I. 2.51 is a paraphrased repetition or duplication of U.J.I. 2.60 or 2.50, or both, such repetition or duplication itself could be beneficial to the defendant's case, particularly in view of the fact that U.J.I. 2.51 affirmatively sets out the defendant's theory of the case, and it is the only instruction given which affirmatively does so. Emphasis within the instructions upon defendant's theory could only benefit defendant's case, especially in this case where the particular instruction 2.51 would follow the generalized instruction of 2.50.

Just as a defendant in a criminal case is protected by the requirement of proof beyond a reasonable doubt as opposed to the preponderance of evidence in a civil case, so also should the defendant be accorded some semblance of liberality in having the jury instructed with particularity as to his defenses that are supported by the evidence. Obviously, this is the reason for adopting both U.J.I.Crim. 2.50 and 2.51 as law to be used together instead of only U.J.I.Crim. 2.50. Loss of a benefit is a harm just as loss of light is darkness. The question therefore is whether, under our law, the harm or prejudice that in fact resulted unto the defendant is prejudicial or harmless error. We hold that it was prejudicial error.

Before the adoption of U.J.I.Crim. on September 1, 1975, this Court in *State v. Padilla,* 66 N.M. 289, 347 P.2d 312 (1959), stated the right of a defendant to have an instruction directly setting out his theory of the case, where supported by evidence. The pertinent language of that opinion reads as follows:

The issue covered by the tendered instruction was upon one of the defendant's theories of the case, and as long as there was evidence introduced to support it (and we believe that there was), it was the duty of the court to direct the jury's attention to the facts which the defendant contends constituted a defense, and not submit a mere abstract statement of the law. *State v. Jones*, 1948, 52 N.M. 235, 195 P.2d 1020.

*Id.* at 296, 347 P.2d at 316.

In *State v. Gardner*, 85 N.M. 104, 509 P.2d 871 (1973), *cert. denied*, 414 U.S. 851, 94 S.Ct. 145, 38 L.Ed.2d 100 (1973), this Court, although it found no predicate in the evidence for the requested instruction, acknowledged the rule in the following language:

> While an accused is entitled to instruction on his theory of the case if evidence exists to support it, the court need not instruct if there is absence of such evidence. *State v. Ortega*, 77 N.M. 7, 419 P.2d 219 (1966).

*Id.* at 107, 509 P.2d at 874.

As stated in the opinion of the Court of Appeals, the use of U.J.I.Crim. 2.51 is mandated by the General Use Note to U.J.I. Crim. 2.51. No decision by this Court has reversed the mandate and it still obtains. Indeed, it has been recognized by the Court of Appeals that since the adoption of U.J.I. Crim., a defendant is still entitled to an instruction which sets forth his theory of the case if there is supportive evidence. *See State v. Armijo*, 90 N.M. 614, 566 P.2d 1152 (Ct.App.1977). One of defendant's theories in *State v. Armijo* could have been possible commission of a lesser included offense upon which the trial court refused to instruct.

In *State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977), this Court recognized the mandatory nature of applicable U.J.I.Crim. instructions in the following pertinent language:

> This Court is to follow precedents of the Supreme Court; it is not free to abolish instructions approved by the Supreme Court. (Citations omitted.)

\*   \*   \*   \*   \*   \*

> This court is bound by the Supreme Court order approving the challenged instructions; we have no authority to set the instructions aside.

*Id.* at 257, 561 P.2d at 1350.

The decision of the Court of Appeals and the judgment and sentence of the trial court are reversed. This case is remanded to the trial court with instructions to grant the defendant a new trial.

IT IS SO ORDERED.

SOSA, C. J., EASLEY and FEDERICI, JJ., concur.

PAYNE, J., dissenting.