637 P.2d 1232

STATE of New Mexico,
Plaintiff-Appellee,

v.

Thomas Wayne CRUMP,
Defendant-Appellant.

No. 13693.

Supreme Court of New Mexico.

Dec. 17, 1981.

Martha A. Daly, Appellate Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

EASLEY, Chief Justice.

Defendant Thomas Crump was convicted of first-degree murder of his wife and was sentenced to life imprisonment. He appealed the decision to this Court. We affirm.

The only issue raised on appeal is whether Crump was denied his right to a fair trial when the trial court suggested, outside the presence of the jury, that the ballistics expert needed to explain the meaning of certain technical terms to the jury and then permitted the State to reopen its case to examine the expert in order to clarify those terms.

At trial, the ballistics expert said that he had examined the bullets found in the victim's body and compared them with the bullets test fired from Crump's gun which was in his possession when he was apprehended. The expert discussed the similarity of the "lands" and the "grooves" on the bullets. After he finished testifying and outside the presence of the jury, the trial court admonished counsel for the State and for Crump for not having the expert explain the technical terms. The trial court stated that he thought such an explanation would aid the jurors in understanding the basis for the expert's opinion. Over Crump's objection, the trial court permitted the State to reopen its case and elicit the information.

Crump claims that he was denied a fair trial by the trial judge because he acted with partiality by allowing the State to reopen for the expert's testimony.

Rule 611(a), N.M.R.Evid., N.M.S.A.1978, provides in part:

The judge shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth * * *.

Under Rule 107, N.M.R.Evid., N.M.S.A. 1978, the judge is prohibited from commenting upon the evidence or the credibility of the witnesses. Rule 614, N.M.R.Evid., N.M.S.A.1978, permits a judge to call witnesses on his own motion and interrogate them. However, in trials before a jury "the judge's questioning must be cautiously guarded so as not to constitute an implied comment." *Id.*

Only a few cases on this issue have reached the appellate courts in this state.

In *State v. Sedillo*, 76 N.M. 273, 414 P.2d 500 (1966), this Court addressed a similar question and stated:

A trial judge is more than a mere umpire or moderator, and he may properly propound questions to the witnesses, so long as he keeps the same within the bounds demanded of him by his position as trial judge, and so long as he displays no bias against or favor for either of the litigants. *Territory v. Meredith*, 14 N.M. 288, 91 P. 731; *Vigil v. Johnson*, 60 N.M. 273, 291 P. 312; *Quercia v. United States*, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321; *Stanley v. State*, 94 Okl.Cr. 122, 230 P.2d 738; *Miller v. Republic Grocery*, 110 Cal. App.2d 187, 242 P.2d 396.

*Id.* at 275–76, 414 P.2d at 501. The Court found no error in the trial judge's asking a psychologist six questions after the witness had been examined and cross-examined by the attorneys. The Court quoted with favor language from *United States v. Brandt*, 196 F.2d 653, 655–66 (2d Cir. 1952), regarding a trial judge:

" * * * He enjoys the prerogative, rising often to the standard of a duty, of eliciting those facts he deems necessary to the clear presentation of the issues. [Citations omitted.] * * *. But he nonetheless must remain the judge, impartial, judicious, and, above all, responsible for a courtroom atmosphere in which guilt or innocence may be soberly and fairly tested * * *."

*State v. Sedillo, supra* at 276, 414 P.2d 501–02; *accord, State v. Betsellie*, 82 N.M. 782, 487 P.2d 484 (1971); *State v. Traxler*, 91 N.M. 266, 572 P.2d 1274 (Ct.App.1977).

The case of *In Re Will of Callaway*, 84 N.M. 125, 500 P.2d 410 (1972), the Court noted that bias and prejudice of the judge was not established by the record, but that the judge may properly intervene to promote expedition, prevent unnecessary waste of time or clear up some obscurity. However, "he should bear in mind that his undue interference, impatience or participation in the examination of witnesses or a severe attitude on his part toward witnesses or counsel may tend to prevent the proper presentation of the cause, or the ascertainment of the truth therein." *Id.* at 128–29, 500 P.2d at 413–14; *accord, State v. Caputo*, 94 N.M. 190, 608 P.2d 166 (Ct.App.1980).

It was charged in *Vigil v. Johnson*, 60 N.M. 273, 291 P.2d 312 (1955), that the trial judge "took over" the interrogation of witnesses, since he questioned them thirty-six separate times. This Court commented that the practice is not to be commended but found no evidence of bias, considering that the judge questioned witnesses on both sides alike.

■ Even leading questions by the judge do not constitute error, unless an abuse of discretion is shown. *Territory v. Meredith*, 14 N.M. 288, 91 P. 731 (1907). In *United States v. Liddy*, 509 F.2d 428, 438 (D.C.Cir. 1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 833, 42 L.Ed.2d 842 (1975), the court said:

The trial judge is properly governed by the interest of justice and truth, and is not compelled to act as if he were merely presiding at a sporting match * * *. A * * * judge has inherent authority * * * to call and recall and question witnesses. He may do this when he believes the additional testimony will be helpful to the jurors in ascertaining the truth and discharging their fact-finding function.

■ We hold that the trial judge is not required to sit mute and act only as a referee. He has the prerogative to insist that all facts be presented that will insure a fair trial. However, that prerogative must be exercised with caution. He must not forget his judicial function by assuming the role of advocate or by taking a partisan stance. In these matters he should not show bias or feeling and his interrogation of witnesses should not be unduly protracted.

■ The record here does not show a violation of these precepts. We therefore affirm the decision of the trial court.

IT IS SO ORDERED.

PAYNE and RIORDAN, JJ., concur.