This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        NO. 34,698

**ANDRES GALLEGOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals from a conviction for violating an order of protection. We previously issued a notice of proposed summary disposition, proposing to uphold the

conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}   The pertinent background information having been set forth, we will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}   First, Defendant renews his challenge to the fundamental fairness of the underlying proceedings, contending that the trial judge engaged in improper questioning and displayed bias. [MIO 21-22] Defendant argues that the judge's questioning of the victim had the effect of "shor[ing] up the prosecutor's disorganized direct examination," and that the judge's "impatient direct examination" of Defendant "effectively [compelled him] to run the gauntlet twice." [MIO 21-22] He also asserts that the judge's "tone" was "more gentle" when questioning the victim and "less deferential" when questioning Defendant. [MIO 22-23] We remain unpersuaded.

{4}   The materials before us reflect that the trial judge engaged in questioning in order to clarify the timeline of relevant events. [MIO 5-10, 16-19] The judge also asked questions about Defendant's medications and medical equipment, to clarify their whereabouts and Defendant's efforts and ability to collect them. [MIO 7-10, 15-20] Insofar as the testimony on these highly relevant matters had been "disorganized," [MIO 21] the trial judge's efforts to obtain some clarity were permissible. "A trial

judge may question witnesses to clarify testimony for the jury or to bring out all of the facts in order to ascertain the truth." *State v. Paiz*, 1999-NMCA-104, ¶ 17, 127 N.M. 776, 987 P.2d 1163; *see State v.Crump*, 1981-NMSC-134, ¶ 12, 97 N.M. 177, 637 P.2d 1232 (observing that the trial judge "has the prerogative to insist that all facts be presented that will insure a fair trial"). And although tone may be of concern, *see id.* ¶ 9 (observing that the trial judge "should bear in mind that his [or her] undue interference, impatience or . . . severe attitude . . . may tend to prevent the proper presentation of the cause"), in this case the record before us reflects that the trial judge's questioning was detached and did not connote bias. [RP 108] Any differential treatment appears to have been a reflection of Defendant's unresponsiveness to questioning. [RP 108] *See Paiz*, 1999-NMCA-104, ¶ 18 (reflecting that judicial questioning "to deal with a difficult witness" is permissible); *State v. Stallings*, 1986-NMCA-086, ¶ 13, 104 N.M. 660, 725 P.2d 1228 (illustrating that repetitive questioning is permissible where the answers are unresponsive). Ultimately therefore, we conclude that the trial judge acted within his discretion. *See id.* ¶ 11 (indicating that in this context, "[t]he standard to be applied is abuse of discretion").

{5}     Second, Defendant renews his challenge to the jury instruction on the essential elements of the offense, contending that the failure to specifically inform the jury that the restraining order contained the admonition that neither side should cause the other

3

to violate it constituted fundamental error. [MIO 23-25] We remain unpersuaded. Although no uniform jury instruction exists, the instruction that was given communicated the essential elements of the offense. [RP 35] *See* NMSA 1978, § 40-13-6(E) (2013); *State v. Ramos*, 2013-NMSC-031, ¶¶ 13, 26-27, 305 P.3d 921 (illustrating a jury instruction on this offense, and holding that knowledge, by virtue of personal service of the restraining order, is also an essential element). As we previously observed, the object of the supplemental language *now* proposed by Defendant was to convey to the jury Defendant's theory that he was compelled to violate the restraining order by virtue of the victim's conduct, and as such, he should not be subject to criminal sanction. [MIO 24, 26] This defense *was* communicated to the jury, in the form of the instruction on duress. [RP 36] As such, modification of the jury instruction on the essential elements of the offense was unnecessary. *See State v. Rios*, 1999-NMCA-069, ¶¶ 20-22, 127 N.M. 334, 980 P.2d 1068 (discussing duress, and noting that as a defense, this theory does not entail modification of the essential elements of the offense). We therefore reject Defendant's claim of fundamental error.

{6}     Finally, Defendant renews his challenge to the sufficiency of the evidence. [MIO 25-26] As the district court observed, the State presented evidence that Defendant contacted the victim, contrary to a valid order of protection which had been properly served, and which forbade such contact. [MIO 2-3, 11-12; RP 112] Although

4

Defendant continues to assert that the evidence supported his claim of duress, [MIO 26] the jury was free to reject Defendant's testimony and version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

{7}    Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{8}    **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**

5