This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                           **NO. 29,110**

**ANDRES RAMOS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Francine A. Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant appeals his conviction for criminal sexual contact of a minor (CSCM) in the second-degree (child under 13), contrary to NMSA 1978, Section 30-9-13(B)(1) (2003). On appeal, Defendant argues that the district court erred in refusing to instruct the jury on the unlawfulness of the touching. We hold that the district court properly instructed the jury and therefore affirm Defendant's conviction.

**BACKGROUND**

At the time of the incident, Defendant and Victim were next door neighbors. Victim, who was then five years old, was playing at Defendant's house with Defendant's two-year-old son when Defendant began spraying the children with water. Defendant's conviction stems from Victim's allegation that, during this time, Defendant reached his hand inside her pants and underwear and touched her vulva, which Victim referred to at trial as her "private part."

**DISCUSSION**

On appeal, Defendant argues that the district court erred in refusing his tendered jury instructions which required the jury to find, as an element of CSCM, that the touching of Victim's vulva was unlawful. Because Defendant preserved this issue below, we review for reversible error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. Under this standard of review, we determine "whether a reasonable juror would have been confused or misdirected by the jury instruction."

*Id.* (internal quotation marks and citations omitted). In making this determination, we consider whether the district court's refusal to instruct the jury on unlawfulness resulted in "instructions which, through omission or misstatement, fail[ed] to provide the juror with an accurate rendition of the relevant law." *Id.*

In support of this issue, Defendant makes two specific arguments. First, Defendant argues that because he tendered a jury instruction on unlawfulness, this Court must reverse as a matter of law under a reversible error standard of review, regardless of the evidence presented below. Second, Defendant argues that the evidence below nonetheless supported submission of his tendered jury instruction on unlawfulness because, if any touching of Victim's vulva occurred, it occurred inadvertently during innocent horseplay. For reasons discussed below, we are unpersuaded by both of Defendant's arguments.

**Review for Reversible Error Does Not Change the Guiding Principle that the District Court Properly Denies a Tendered Jury Instruction Regarding Unlawfulness if the Evidence Does Not Support its Submission**

It is well established that an instruction on the unlawfulness of a touching is required only when the element of unlawfulness is factually in dispute. *See State v. Orosco*, 113 N.M. 780, 784, 833 P.2d 1146, 1150 (1992) (holding that an instruction for unlawfulness is not required if the element of unlawfulness is not at issue); *see also* UJI 14-925 NMRA, Use Note 4 (providing that the bracketed element of

unlawfulness should be used "if the evidence raises a genuine issue of the unlawfulness of the defendant's actions"). In this regard, the unlawfulness of a touching is at issue when a defendant does not dispute that he or she touched the victim, but asserts that the touching lacked the requisite criminal intent. *See, e.g.*, *State v. Osborne*, 111 N.M. 654, 660, 808 P.2d 624, 630 (1991) (recognizing that "[t]here are any number of circumstances where . . . a touching [of a minor's intimate parts] is not merely excusable or justifiable but entirely innocent, such as a touching for the purpose of providing reasonable medical treatment, nonabusive parental or custodial care, or, in some circumstances, parental or custodial affection" (internal quotation marks and citation omitted)). Similarly, the unlawfulness of a touching is at issue when the defendant denies the touching, but alternatively contends that if a touching took place, it was for a lawful purpose. *See, e.g., State v. Landers*, 115 N.M. 514, 516, 853 P.2d 1270, 1272 (Ct. App. 1992) (recognizing that the lawfulness of a touching is at issue if a defendant presents evidence to support the defense that he did not sexually touch the victim or, alternatively, that if he touched the victim in prohibited places, it was for a lawful purpose), *overruled on other grounds by State v. Kerby*, 2005-NMCA-106, ¶¶ 28-29, 138 N.M. 232, 118 P.3d 740, *aff'd*, 2007-NMSC-014, 141 N.M. 413, 156 P.3d 704. Conversely, if there is no evidence of lawful behavior, then the district court is not required to instruct on the element of

4

unlawfulness. *See, e.g.*, *State v. Sandate*, 119 N.M. 235, 244, 889 P.2d 843, 852 (Ct. App. 1994) (holding that a jury instruction on unlawfulness for a charge of CSCM was not required because there is no situation where the defendant's placing of his tongue on or around the minor victim's vagina could be considered lawful).

Defendant acknowledges the foregoing case law, but suggests that its application on appeal changes depending on whether the review is for fundamental error or for reversible error. To this end, Defendant asserts that while the evidence below must support the submission of a jury instruction on unlawfulness when the review is for fundamental error, a request alone for a jury instruction on unlawfulness merits its submission when the review is for reversible error. Thus, from Defendant's perspective, because his jury instructions on unlawfulness were requested and refused, automatic reversible error occurred. Stated another way, Defendant argues that by requesting a jury instruction on unlawfulness, under a reversible error standard of review, he necessarily placed the element of unlawfulness at issue, irrespective of the actual evidence or facts introduced at trial. We disagree.

The main analytical distinction between a fundamental error analysis and a reversible error analysis is the level of scrutiny afforded to claims of error. *State v. Cunningham*, 2000-NMSC-009, ¶ 21, 128 N.M. 711, 998 P.2d 176 (recognizing that parties who have properly preserved an alleged error for appeal are afforded a less

onerous level of scrutiny under a reversible error standard). Thus, under a reversible error analysis, the failure to include an essential element in the elements instruction can never be corrected by including the concept elsewhere in the instructions. *Id.* In contrast, under a fundamental error analysis, the failure to include an essential element in the elements instruction may be corrected by subsequent proper instructions that adequately address the omitted element. *Id.* ¶¶ 21-22.

This differing level of scrutiny, however, does not detract from the guiding principle regarding whether a jury instruction should be submitted in the first place. Submission of the requested instruction depends upon whether the evidence supports it. *State v. Lucero*, 1998-NMSC-044, ¶ 5, 126 N.M. 552, 972 P.2d 1143 (stating that "[i]t is basic that a defendant is entitled to have his [or her] theory of the case submitted to the jury under proper instructions *where the evidence supports it*" (alteration in original) (emphasis added) (internal quotation marks and citation omitted)). Our case law extends this guiding principle equally to review for reversible error and fundamental error. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69 (holding that "[*w*]*hen evidence at trial supports* the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error" (emphasis added)); *State v. Lopez*, 1996-NMSC-036, ¶ 11, 122 N.M. 63, 920 P.2d 1017 (recognizing that the failure to include an essential element in an instruction

6

for a crime does not constitute fundamental error "*when the element that was omitted from the instruction was not at issue in the trial*" (emphasis added)). Furthermore, the Use Note for UJI 14-925 specifically indicates that the bracketed element of unlawfulness should be used "if the evidence raises a genuine issue of the unlawfulness of the defendant's actions." UJI 14-925, Use Note 4; *see State v. Barber*, 2004-NMSC-019, ¶ 10 n.1, 135 N.M. 621, 92 P.3d 633 (recognizing that unlike committee commentary, the use notes for jury instructions are adopted by our Supreme Court and binding on district courts). Thus, in the present case, the determinative inquiry under our review for reversible error is whether or not the evidence supported submission of Defendant's tendered jury instructions for unlawfulness of the touching.

**The Evidence Presented Did Not Warrant Submission of a Jury Instruction on Unlawfulness of the Touching**

While Defendant at trial unequivocally denied touching Victim in any way, he now asserts that any touching of Victim's vulva, if it happened at all, "could have occurred unintentionally while he was engaged in otherwise appropriate horseplay" with Victim. We recognize that jury instructions on inconsistent theories are not improper if supported by the evidence. *See State v. Skippings*, 2011-NMSC-021, ¶ 22, ___ N.M. ___, ___ P.3d ___ (recognizing that where evidence of two theories is presented to the jury, jury instructions on inconsistent theories may be issued to the

jury). Thus, we proceed to consider whether there was any view of the evidence presented that could have supported a reasonable inference that Defendant touched Victim's vulva and the touching was lawful. *See Poore v. State*, 94 N.M. 172, 175, 608 P.2d 148, 151 (1980) ("[A] defendant is still entitled to an instruction which sets forth his theory of the case if there is supportive evidence."); *Orosco*, 113 N.M. at 784, 833 P.2d at 1150 (holding that an instruction for unlawfulness is required if there is "any evidence or suggestion in the facts, however slight, that could have put the element of unlawfulness in issue").

Victim testified that, while she was playing at Defendant's house with Defendant's son, the children found an empty candy bottle. Victim testified that Defendant's wife rinsed out the candy bottle and filled it with water, and that Defendant then sprayed the children with water from the bottle. Victim testified that, during this time, she lifted up her shirt, and Defendant squirted her belly with water and rubbed her belly. Victim testified that she told Defendant not to touch her belly. Significantly, Victim also testified that Defendant stuck his hand inside her pants and underwear and touched her "private part" with his hand.

Both Victim and her mother testified that, after Victim returned home, she told her mother about the touching. Victim's mother related her observation that Victim's private parts were red and that Victim told her that Defendant "squeezed . . ." "[h]er

pee-pee, her 'colita' in front," which is how Victim referred to her private part at the time of the incident. Victim's mother additionally testified that, when she subsequently confronted Defendant, he initially denied touching or being anywhere near Victim. Eventually, in response to more questioning by Victim's mother, Defendant admitted rubbing Victim's belly, but not touching her vulva.

At trial, Defendant denied touching either Victim's vulva or belly. Defendant further related that, when questioned by Investigator Palmer, he denied any touching and speculated instead that Victim may have accused him of touching her private part because her underwear was wet from water running down her torso. Lastly, witnesses for Defendant—his son, his sister, and his wife—also testified that Defendant never touched Victim in any way.

In support of his horseplay theory, Defendant points out that "[t]here was no evidence that [Defendant] had a plan or scheme to molest [Victim] or that he had done anything like this before." Defendant also points out that everyone who testified acknowledged that he was "playing with the children while they ran to and fro to the trampoline." Defendant suggests that these circumstances support a view of the evidence in which Defendant may have touched Victim inadvertently during innocent horseplay.

When examining the evidence relevant to Defendant's "innocent horseplay"

argument, the only evidence presented of any contact with Victim was limited to spraying Victim with water and touching her belly. Given this evidence, perhaps Defendant is suggesting that his hand may have inadvertently touched Victim's vulva in the course of spraying her with water or touching her belly. However, there was no evidence to that effect, nor did Defendant argue below that the jury should have viewed the evidence in that way. Furthermore, no reasonable inference can be made that these circumstances would also result in Defendant separately and inadvertently putting his hand inside Victim's pants and underwear to squeeze and touch her vulva. Unlike a situation, for example, where a parent is bathing a small child who was already undressed and in doing so touched the child's intimate parts, we hold that no view of the evidence in this case supports Defendant's argument that he may have inadvertently and lawfully put his hand inside Victim's pants and underwear, touching her vulva, while spraying her with water or rubbing her belly. *See Sandate*, 119 N.M. at 244, 889 P.2d at 852 (holding that a jury instruction on unlawfulness for a charge of CSCM was not required because there is no situation where the defendant's placing of his tongue on or around the minor victim's vagina could be considered lawful); *Cf. Osborne*, 111 N.M. at 660, 808 P.2d at 630 (recognizing that "[t]here are any number of circumstances where . . . a touching [of a minor's intimate parts] is not merely excusable or justifiable but entirely innocent, such as a touching for the purpose of

providing reasonable medical treatment, nonabusive parental or custodial care, or, in some circumstances, parental or custodial affection" (internal quotation marks and citation omitted)). We therefore agree with the district court's ruling that Defendant's innocent horseplay theory did not support the giving of an unlawfulness instruction under the facts in this case. *Cf. Lucero,* 1998-NMSC-044, ¶ 5 (recognizing that defendants are only entitled to have the jury instructed on their theory of the case when the evidence supports it).

Moreover, to the extent Defendant suggests that Victim may have mistakenly believed that he touched her private parts because her underwear became wet as the water ran down her torso, we also disagree that this factual circumstance warranted an unlawfulness instruction. Instead, this view of the evidence would simply call into question whether Defendant actually touched Victim's vulva. However, the jury instruction actually given required the jury to determine whether Defendant touched Victim's vulva, which the jury did find. *See, e.g.*, *State v. Venegas*, 96 N.M. 61, 63, 628 P.2d 306, 308 (1981) ("Ordinarily, a defendant is not entitled to a specific instruction where the jury has already been adequately instructed upon the matter by other instructions.").

Despite the lack of evidence to support his horseplay theory, Defendant argues that his Sixth Amendment right to a jury required the giving of an unlawfulness

11

instruction so the jury could consider whether any touching that occurred was lawful. Defendant is of course entitled to have a jury determine whether the essential elements of the crime were committed. However, apart from Defendant's outright denial of any touching, the only evidence before the jury was of a touching of Victim's vulva that could only be construed as unlawful. Thus, if the jury found that Defendant touched Victim's vulva, which the jury did, the jury necessarily found that the touching was unlawful. Accordingly, we find no merit to Defendant's claim that the refusal to give an unlawfulness instruction amounted to a denial of his Sixth Amendment right to a jury.

Ultimately, this case boiled down to a swearing match between Victim and Defendant, with Victim alleging that Defendant touched her "private part" and Defendant conversely denying that he touched Victim in any way. Thus, the factual issue to be resolved by the jury was whether or not Defendant touched Victim's vulva at all, as opposed to whether or not, in the course of a touching, Defendant inadvertently touched Victim's vulva. Because no reasonable inference can be drawn from the evidence that the lawfulness of the touching was at issue, we hold that the district court properly denied Defendant's tendered jury instructions on unlawfulness. *See Orosco*, 113 N.M. at 783-84, 786, 833 P.2d at 1149-50, 1152 (failing to instruct on an element of a case is not reversible error if there was no dispute that the element

was established by the evidence).

**CONCLUSION**

Based on the foregoing analysis, we affirm.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**