656 P.2d 240

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Ricky ARAGON, Defendant-Appellant.**

**No. 5751.**

Court of Appeals of New Mexico.

Nov. 16, 1982.

Certiorari Denied Jan. 6, 1983.

Jeff Bingaman, Atty. Gen., Marcia E. White, Deputy Atty. Gen., Santa Fe, for plaintiff-appellee.

John B. Bigelow, Chief Public Defender, William P. Slattery, Asst. Appellate Defender, Santa Fe, Charles A. Wyman, Trial Counsel, Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Judge.

Defendant appeals from convictions for conspiracy, contrary to § 30–28–2, N.M.S.A. 1978 (1982 Cum.Supp.), receiving stolen property, contrary to § 30–16–11, N.M.S.A. 1978, and three counts of contributing to the delinquency of a minor, contrary to § 30–6–3, N.M.S.A.1978. He asserts two grounds for reversal: (1) denial of defendant's motion to dismiss for denial of a speedy trial under N.M.R.Crim.P. 37, N.M.S. A.1978 (1980 Repl.Pamph.); and (2) error in instructing the jury. We affirm.

The defendant was originally arrested and charged under a criminal information on July 2, 1981, with burglary, larceny, and four counts of contributing to the delinquency of a minor. Following a preliminary hearing, defendant was bound over for trial on each of the charges in the information. On November 18, 1981, the morning the case was scheduled for trial, the State filed a *nolle prosequi* as to each of the charges in the information. The next day on November 19, 1981, a new criminal complaint was filed against defendant.

Under the new complaint, defendant was charged with conspiracy, receiving stolen property, and four counts of contributing to the delinquency of a minor. The defendant was arraigned on December 21, 1981, on the charges in the new case, and pled "not guilty" as to each count. Defendant waived preliminary hearing and a new criminal information was filed against him on each charge listed in the criminal complaint.

On February 5, 1982, the morning set for commencement of defendant's trial in the second case, defendant moved to dismiss each of the four counts charging him with contributing to the delinquency of a minor. Defendant asserted as grounds for the motion that the prosecution had acted improperly in filing the *nolle prosequi* as to the charges in the first case and then reinstating the same charges. Additionally, defendant argued that the prosecution's dismissal of the first case and the filing of charges in the second case, growing out of the same alleged criminal event, violated defendant's right to a speedy trial and the requirements of N.M.R.Crim.P. 37, *supra.*

At the hearing on the motion before the trial court, the prosecutor conceded that defense counsel's statement as to the dates and events in the two cases were accurate. However, the prosecution stated that the basis for its dismissal of the original charges against defendant was due to information learned by it based upon statements taken from several of the juveniles involved. The State contended that it concluded from this new evidence that while defendant may have committed certain offenses, he did not commit the specific acts of burglary and larceny as alleged in the information filed in the first case. The prosecutor further stated that the basis for the four counts of contributing to the delinquency of a minor as charged in the second information was predicated upon the defendant's acts of conspiracy to commit burglary and receiving stolen property.

The State submitted that the underlying facts relied upon by it for each of the charges of contributing to the delinquency of a minor in the second case had changed from those of the first case.

The trial court denied defendant's motion to dismiss the charges in the second criminal information and ruled that defendant's motion was not timely filed and that an evidentiary hearing was not required.

### I. *Refusal to Grant Dismissal*

Defendant contends that the trial court erred in his denial of the motion to dismiss because the existence of improper prosecutorial conduct and the State's attempt to circumvent N.M.R.Crim.P. 37, *supra,* which mandates defendant's right to a speedy trial. Defendant asserts further that the court erred in denying his motion without conducting an evidentiary hearing or requiring a showing by the State that the prosecution's pretrial delay was occasioned for valid reasons and in good faith. Defendant has not argued the existence of constitutional issues emanating from denial of a speedy trial, nor has defendant shown the existence of any prejudice as a result of the delay of trial herein.

In its denial of defendant's motion, the trial court also ruled that the motion was not timely. Defendant also argues that his allegations of prosecutorial bad faith requires an evidentiary hearing.

■ The defendant's motion to dismiss was timely raised. A motion seeking a dismissal under N.M.R.Crim.P. 37, *supra,* is not governed by the requirements of N.M. R.Crim.P. 33(e), N.M.S.A.1978 (1980 Repl. Pamph.), which specifies that motions shall be raised at arraignment or within twenty days thereafter, unless upon good cause the court waives the time requirement. N.M.R. Crim.P. 37, *supra,* contains no specific provision for time limits within which a motion to dismiss thereunder must be made. A defendant cannot be held to speculate at the time of arraignment or within twenty days therefrom whether there may be a violation of the six month rule. Defendant's claim of circumvention of R.Crim. Proc. 37, *supra,* is an objection directed to the initiation of the prosecution by the second criminal information. Under R.Crim.Proc. 33(d)(1), *supra,* such an objection must be raised before trial. The objection was raised before trial.

In the face of defendant's allegations of "bad faith" delay of the charges against him, can a trial court determine such issues without the necessity of an evidentiary hearing? We hold that the trial court's denial of defendant's motion under the facts here shown was proper because there was nothing to support defendant's assertion that the State attempted to circumvent the requirements of N.M.R.Crim.P. 37, *supra.*

*State ex rel. Delgado v. Stanley,* 83 N.M. 626, 495 P.2d 1073 (1972), dealt with contentions similar to that asserted in the instant case. There, defendant asserted that the State might seek to circumvent the language of N.M.R.Crim.P. 37 *supra,* by filing a *nolle prosequi* as to the original charges and by refiling new charges at a later date. The court held in *Delgado, supra,* that in the face of an assertion by a defendant that the State had filed a *nolle prosequi* in order to seek additional time for the prosecution of a case or to circumvent the statutory time requirements for the trial "the State must be prepared to demonstrate by proof the bona fides of the procedure it has utilized * * *." The court in *Delgado* further noted that, in the event of the failure of the State to do so, the court may hold that the time requirements of the rule are not tolled.

■ Defendant's representations alleging improper conduct or motives on the part of the prosecution in filing a *nolle prosequi* of the original charges, do not require the prosecution to present evidence by means of an evidentiary hearing to rebut such contentions. Although the burden is cast upon the state to show that any delay in prosecution resulting from a dismissal of charges was occasioned for proper reasons and that the State acted in good faith, an evidentiary hearing is not required unless defendant's showing is sufficient to raise an issue as to the bona fides of the State's procedure. *Compare State v. Beck,* 97 N.M. 312, 639 P.2d 599 (Ct.App.1982); *State v. Hovey,* 80 N.M. 373, 456 P.2d 206 (Ct.App.1969). We need not consider the "new evidence"

contention of the State. It is uncontradicted that the State filed the second information because of its view that the underlying facts for the contributing charges in the second information differed from the underlying facts for the contributing charges in the first information. No issue as to the State's bona fides was presented; an evidentiary hearing was not required.

The trial court did not err in denying defendant's motion to dismiss.

## II. *Jury Instruction*

Defendant contends that the trial court erred in not instructing the jury as to the definition of "possession" and that the instruction was necessary to properly apprise the jury concerning the charge of "receiving stolen property." N.M.U.J.I.Crim. No. 1.20, N.M.S.A.1978 (1982 Repl.Pamph.).

The charge that defendant had received stolen property was submitted to the jury on the theory that defendant acquired possession of a rifle which was stolen during a burglary perpetrated by four juveniles. The evidence concerning actual physical possession of the rifle by the defendant was conflicting. N.M.U.J.I.Crim. 1.20, defines both actual and constructive possession of property. Constructive possession is defined as knowing "what * * * [the property] is and where it is and * * * [exercising] control over it." *Id. See State v. Bowers,* 87 N.M. 74, 529 P.2d 300 (Ct.App. 1974). Defendant's requested instruction covered both actual and constructive possession.

■ Defendant has waived any claim of error predicated upon the court's failure to give N.M.U.J.I.Crim. 1.20. Defendant, although initially having tendered an instruction defining "possession," later withdrew it. In order to assert error based on denial of an instruction for a definition, defendant must make a clear and unequivocal request therefor. *See State v. Bell,* 84 N.M. 133, 500 P.2d 418 (Ct.App.1972). During the settlement conference on instructions, the following colloquy occurred between the court and counsel:

THE COURT: [A]s to the definition, [of actual and constructive possession], if you feel that should be submitted, then I'm of the opinion that the instruction on receiving should not be limited to the firearm. They either believe the witnesses or not, that he had possession of that rifle when he got out. That's why I limited it to the firearm.

MR. WYMAN: Well, I see what you're saying now. I just had to do the whole instruction. We can delete. I don't know what [the State's] instruction says. Maybe he left that out.

\* \* \* \* \* \*

MR. WYMAN: Did you [the State] prepare a definition of possession?

MR. KLIPSTINE: No, I didn't prepare one.

MR. WYMAN: We'll withdraw it, then.

Defendant, although conceding that he agreed to a withdrawal of the tendered instruction, contends that he was coerced into withdrawing it because the court threatened to include in its instructions to the jury a reference to other items of stolen property which defendant may have possessed in addition to the rifle.

There was evidence supported by the record which would have warranted the trial court in giving an instruction that defendant possessed other items of property in addition to the rifle and which were allegedly stolen during the burglary. Under the "receiving" charge, the State was not limited to presenting proof of possession of stolen property to only the rifle, and defendant's argument of coercion is without merit. Defendant has also failed to establish the existence of any prejudice ensuing from the failure to give such instruction. *See State v. Sanders,* 93 N.M. 450, 601 P.2d 83 (Ct.App.1979).

The decision of the trial court is affirmed.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.