The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number:

Filing Date: <u>February 27, 2024</u>

**No. A-1-CA-40312**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**BOBBY DIRICKSON,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**YOHALEM, Judge.**

{1}    Defendant Bobby Dirickson challenges the district court's refusal to hear and decide his motion to dismiss on speedy trial grounds on the basis that it was untimely filed. We conclude that the district court erred as a matter of law in summarily denying Defendant's motion as a sanction for late-filing when its scheduling order did not set a deadline applicable to a speedy trial motion. Absent an intentional violation of a deadline set by court scheduling order, the district court may not summarily deny a constitutionally-based pretrial motion. The court must consider culpability, prejudice, and the availability of lesser sanctions before imposing such a severe sanction. *See State v. Le Mier*, 2017-NMSC-017, ¶ 20, 394 P.3d 959. We conclude that the district court's refusal to consider and decide Defendant's speedy trial motion was based on a misapprehension of the law and was, therefore, an abuse of the district court's discretion. We reverse and remand to the district court for hearing and decision on Defendant's motion to dismiss on speedy trial grounds.

**BACKGROUND**

{2}    During a traffic stop on November 2, 2017, Defendant was found to be in possession of methamphetamine and a methamphetamine pipe. Defendant waived a preliminary hearing in magistrate court on December 20, 2017. On August 20, 2018, Defendant was charged by criminal information in district court with possession of

a controlled substance, contrary to NMSA 1978, Section 30-31-23 (2011), and possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1 (2001). Defendant waived arraignment, entering a plea of not guilty.

{3}     A scheduling order entered on March 26, 2019, required discovery to be provided "within twenty (20) days" after arraignment and pretrial motions to be filed "within ninety (90) days after arraignment per Rule 5-601[(E) NMRA]." The scheduling order provided for plea agreements to be heard on or before April 26, 2019, a little more than a month before the May 30, 2019, trial date.

{4}     Although the case was not tried on the May 30, 2019 docket, the scheduling order remained in the record without modification. The next document in the record is the State's July 5, 2019, motion to join this case with a related felony charge against Defendant assigned to a different judge. Joinder was granted on January 6, 2020, by the judge presiding over the felony charge and was followed by mandatory severance a few weeks later. This case proceeded separately before the originally assigned judge, under its original case number.

{5}     Trial was set and reset numerous times between 2019 and 2021. The district court lists the following trial dates: May 30, 2019, November 25, 2019, February 28, 2020, November 30, 2020, February 26, 2021, April 19, 2021, July 2, 2021, and September 16, 2021.

**{6}**     Defendant was also being prosecuted for other charges unrelated to the November 2, 2017 incident. This case and district court case number D-1215-CR-2018-00367 (Case 00367) proceeded on similar tracks, with joint pretrial conferences and status hearings. Defendant was represented by the same counsel in both cases. On February 24, 2021, with trials in both this case and Case 00367 scheduled a few days later, defense counsel filed a motion to dismiss Case 00367 on speedy trial grounds. This case had been pending without trial at that point for eighteen months. The February 26, 2021, trial setting for both cases was continued.

**{7}**     Defendant's speedy trial motion in Case 00367 was heard on April 14, 2021. At a status conference on both cases following this hearing, defense counsel told the district court that he intended to file a similar speedy trial motion in this case. No filing date was discussed at that conference and no deadline for filing was set by the court. The next pretrial conference was held on June 23, 2021. Both this case and Case 00367 were again discussed. Defense counsel was brought in by telephone after both the district court and the prosecutor had incorrectly concluded that a speedy trial motion had been filed in this case as well as in Case 00367. No discussion of a speedy trial motion took place with defense counsel on the phone.

**{8}**     On August 3, 2021, the district court issued a notice setting a trial date for September 16, 2021, slightly more than three years after the filing of the criminal information. The notice scheduled a pretrial conference on August 18, 2021,

3

approximately a month before trial, and a docket call on September 14, 2021, two days prior to trial. The notice was accompanied by an order setting jury trial deadlines. That order required a "[m]eet and [p]lea [c]onference" before the pretrial conference where counsel would "discuss discovery issues, dispositive motions, motions in limine, and plea offers." The record does not address whether this conference took place and neither party relies in their briefs on a failure by defense counsel to attend this conference. The jury trial order set a deadline of forty-eight hours before trial for the filing of motions in limine. No other kind of pretrial motion was included in that deadline.

{9}     Defense counsel filed a request for a continuance of the pretrial conference, informing the court that counsel would be in trial in another district court. No continuance was granted, and the pretrial conference proceeded in defense counsel's absence. At that conference, the district court announced its decision granting Defendant's motion to dismiss Case 00367 on speedy trial grounds. It was apparently only then that the district court realized that no speedy trial motion had yet been filed in this case. The district court again did not set a deadline for the filing of Defendant's speedy trial motion.

{10}     At the docket call on September 14, 2021, two days before the scheduled trial date, the district court stated its intent to leave this case on its upcoming trial docket as long as the State was ready and unless defense counsel stated otherwise. The State

4

announced that it was ready for trial. Defense counsel, joining by telephone, again reported his intent to file "a dispositive motion" on speedy trial grounds. Defense counsel explained his description of the motion as "dispositive," informing the State and the district court that what he meant was that, regardless of how the motion was decided, it would result in a judgment without the need for a trial. If it was granted, the charges would be dismissed, and if it was denied, Defendant would enter a conditional plea of no contest, preserving only the denial of the speedy trial motion for appeal. Counsel also argued that the merits of Defendant's speedy trial motion in this case were nearly identical to the merits of the motion the district court had granted in Case 00367, claiming that this made it easier for the court to quickly reach a decision. The State argued that the motion was "utterly untimely," and contended that there were differences in the course of events that would not allow the district court to simply adopt its decision granting Defendant's speedy trial motion in Case 00367. Defense counsel moved to continue the trial setting. The State opposed Defendant's motion to continue.

{11}    The district court first stated that it would need to separately consider the facts and the argument to decide Defendant's speedy trial motion, and could not simply adopt its decision in Case 00367. The court then told defense counsel that it was willing to consider whether it has an obligation to hear and decide a speedy trial motion filed on the eve of trial, but that no continuance of the trial would be granted.

Defense counsel then stated that he would file his speedy trial motion that night or the next morning and would argue that the court has an obligation to decide the motion. The court agreed to rule on the question of whether it was required to hear and decide the motion or could simply deny it, noting that "the eve of trial is obviously not timely for a dispositive motion."

{12}     Defense counsel filed a motion to dismiss for violation of Defendant's right to a speedy trial at 1:10 p.m. on September 15, 2021, the afternoon before the scheduled trial date. In addition to arguing the merits of Defendant's speedy trial claim, defense counsel reiterated that Defendant would plead no contest to both charges the next morning, and that trial was not necessary. The motion to dismiss stated,

> Defendant wishes to treat this as a "dispositive" motion, disposing the need for a jury trial. Should the [c]ourt grant . . . Defendant's motion herein, then the dismissal would dispose of the case. If the [c]ourt denies . . . Defendant's motion herein, then . . . Defendant has agreed to enter a conditional plea of no contest to each count, preserving his right to appeal the denial of the motion.

{13}     Later that same afternoon, at a docket call occasioned by a concern about whether Defendant had been exposed in prison to COVID-19, defense counsel again told the court that Defendant would enter a conditional plea on both counts charged, emphasizing to the court that no jury was needed for the next day. The court stated that it would review the motion that night, and reconvene at 8:00 a.m. the next

morning. The court acknowledged Defendant's intent to enter a plea if the motion was denied.

{14} On the morning scheduled for trial, the district court stated, "I have in front of me [defense counsel's] dispositive motion to dismiss for violating this Defendant's right to speedy trial filed [September 15, 2021,] at 1:10 p.m., one day before trial. . . . I am going to make a finding that this is untimely and I am not going to hear it." Defense counsel argued that his research showed that there were many New Mexico cases where a district court heard and resolved a speedy trial motion filed on the eve of trial or on the morning of trial, claiming that "this is a fundamental right, it can be brought up at anytime" before the commencement of trial.

{15} The State argued that the district court was entitled to enforce its August 2018 scheduling order, requiring filing of pretrial motions ninety days after arraignment. The State relied on New Mexico precedent holding a defendant can waive their right to file a motion to dismiss on speedy trial grounds by late filing in violation of a rule or order, pointing to precedent allowing a district court to refuse to consider and to summarily deny motions asserting constitutional rights that are filed in violation of a deadline set by court rule or scheduling order. The State also argued that the delay was a tactic by defense counsel "to file this motion extremely late so that I would squander my trial preparation time responding to a late motion."

{16} The district court reiterated its decision, stating that it was not required to hear the motion, and that it would not hear it. The court again gave as its reason simply that the motion was untimely. The court pointed out that defense counsel had entered his appearance in September 2018, three years previously, leaving plenty of time to have filed a speedy trial motion after accrual of the right, and referred favorably to the State's argument that the filing violated a deadline set by scheduling order. The district court then took Defendant's plea of no contest to the charges. Defendant reserved his right to appeal the district court's refusal to hear and decide his speedy trial motion.[1]

**DISCUSSION**

{17} Defendant first argues that the district court erred in concluding that this Court's decision in *State v. Candelaria* authorized the court to summarily deny Defendant's speedy trial motion. 2019-NMCA-032, ¶ 23, 446 P.3d 1205 (holding that "the district court had the authority, both inherent and under [local rule] to deny Defendants' speedy trial motions as untimely under the pretrial scheduling order"). Alternatively, Defendant asks us to reverse *Candelaria* and hold that district courts are not authorized to set a deadline earlier than the commencement of trial for the

---

[1]The written plea was not properly executed following the plea colloquy due to the district court's oversight. This Court remanded in April 2022, to allow the plea to be formalized, signed, and filed. The supplemental record proper now includes the written plea. Both parties agree that Defendant appropriately preserved his right to appeal. We agree and do not address this question further.

filing of a speedy trial motion. Finally, Defendant argues that the denial of his speedy trial motion as a sanction must be evaluated under the law governing the exercise of the district court's discretion in imposing severe dispositive sanctions in a criminal case, and that when those legal standards are applied, the district court abused its discretion.

## I. The District Court Lacked the Authority to Summarily Refuse to Consider Defendant's Speedy Trial Motion

**{18}** The State acknowledges that, there was no court scheduling order, which set a deadline applicable to the filing of a speedy trial motion, as there was in *Candelaria*. The State concedes that the district court's scheduling order imposing a deadline of ninety days after arraignment for the filing of pretrial motions was not applicable to Defendant's speedy trial motion because that deadline was well before Defendant's speedy trial right accrued. We agree with the State's concession that the deadline of ninety days after arraignment for the filing of pretrial motions found in Rule 5-601(E) NMRA, and adopted by the district court in its scheduling order, was not applicable to Defendant's speedy trial motion. We explain.

**{19}** Rule 5-601(E)(1) provides, "Unless otherwise provided by these rules or ordered by the court, a pretrial motion shall be made at the arraignment or within ninety (90) days thereafter, unless upon good cause shown the court waives the time requirement." The district court's scheduling order cited Rule 5-601 and ordered that pretrial motions to be filed "within ninety (90) days after arraignment per Rule 5-

9

601[(E)]." This Court held in *State v. Aragon*, 1982-NMCA-173, ¶ 10, 99 N.M. 190, 656 P.2d 240, that a deadline for the filing of pretrial motions shortly after arraignment, whether set by court rule or by court order, does not apply to a motion to dismiss on speedy trial grounds. *Aragon* recognizes that the right to dismiss for violation of a defendant's right to a speedy trial would not have accrued by ninety days after arraignment, even in a simple case, and that a defendant cannot be required to file a motion speculating that such a deadline would be violated in the future. *Id.*

{20}   *Candelaria* clarifies that a general deadline for pretrial motions included in a court scheduling order applies to motions for a speedy trial only if that deadline is set for a time after a defendant's speedy trial right would have accrued. *Id.* ¶ 26. In *Candelaria*, the district court's scheduling order set the deadline for pretrial motions three months before the scheduled trial date. *Id.* ¶ 20. There was no dispute that the defendant's speedy trial right had accrued before that date, and "could have been asserted, before the pretrial motion deadline expired." *Id.* ¶ 26. *Candelaria* held that, under those circumstances, the district court could summarily deny a speedy trial motion filed after that court-ordered deadline. *Id.*

{21}   Although conceding that the district court erred in finding that Defendant violated a scheduling order in this case, the State nonetheless contends that the district court had discretion to summarily deny the motion as a sanction for filing it

10

on the day before trial was scheduled. We do not agree that summary denial of the motion was consistent with the law.

{22}     *Candelaria* and *Aragon* are the relevant authorities governing the authority of a district court to summarily refuse to decide a defendant's motion for a speedy trial based on untimeliness alone. Because, as explained above, there was no scheduling order setting a deadline for the filing of pretrial motions that applied to Defendant's speedy trial motion, and therefore, no violation of a court order, the district court was not authorized by *Candelaria* or any other relevant New Mexico law to summarily deny Defendant's speedy trial motion.

{23}     The district court could impose such a severe sanction only after considering and weighing the factors set forth in our Supreme Court's decisions in *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25, and *Le Mier*. In *Harper*, our Supreme Court held that when deciding whether to impose a severe sanction for the conduct of counsel or a litigant, the district court must consider three factors: (1) the culpability of the offending party; (2) the prejudice to the adversely affected party; and (3) the availability and appropriateness of lesser sanctions. 2011-NMSC-044, ¶ 19. In *Le Mier*, our Supreme Court clarified that the primary focus is on the culpability of the offending party in willfully violating a court order. Our Supreme Court also held in *Le Mier* that the prejudice factor adopted by *Harper* can be

11

satisfied by prejudice to the integrity and schedule of the court, even though the opposing party "may not be prejudiced." 2017-NMSC-017, ¶ 20.

{24} The district court failed to consider these factors. The court incorrectly relied on the holding in *Candelaria*, basing its decision to summarily deny Defendant's motion on a misapprehension of the relevant law. *See State v. Oppenheimer & Co., Inc.*, 2019-NMCA-045, ¶ 6, 447 P.3d 1159) ("A district court abuses its discretion when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." (internal quotation marks and citation omitted)). The district court's decision, therefore, was an abuse of its discretion.[2]

{25} We therefore reverse and remand for a hearing and a decision on the merits of Defendant's speedy trial motion.

## II. Defendant Fails to Support His Claim That *Candelaria* Was Wrongly Decided

{26} We next briefly address Defendant's request that we overrule *Candelaria*. Defendant argues *Candelaria*'s holding that our district courts are authorized to set a deadline by court order for the filing of a motion to dismiss on speedy trial grounds,

---

[2] We encourage the Rules of Criminal Procedure Committee to consider whether revision of Rule 5-601(E) to add a deadline for the filing of a speedy trial motion might avoid the confusion evident in this case about the deadline for filing such a motion and encourage our district courts to include a clear deadline in their standard scheduling orders.

and to enforce that deadline, was wrongly decided. According to Defendant, the only legally acceptable deadline is the commencement of trial.

{27} "Based on the importance of stare decisis, we require a compelling reason to overrule one of our prior cases." *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 24, 135 N.M. 375, 89 P.3d 47 (internal quotation marks and citation omitted) (explaining the importance of stare decisis and that "[v]ery weighty considerations underlie the principle that courts should not lightly overrule past decisions" (internal quotation marks and citation omitted)). Defendant fails to present a developed argument that persuades us that *Candelaria* was wrongly decided, that it states an unworkable rule, or that any of the other exceptional circumstances supporting the overruling of a previous opinion of this Court exist. *See State v. Riley*, 2010-NMSC-005, ¶ 34, 147 N.M. 557, 226 P.3d 656 (listing factors that must be considered before overturning precedent), *overruled on other grounds by State v. Montoya*, 2013-NMSC-020, 306 P.3d 426. We therefore do not consider this argument further.

## III. The Remaining Arguments

{28} The State, anticipating our decision that the district court's decision was based on a misapprehension of the legal principles adopted in *Candelaria*, next argues that we should affirm based on its claim that the district court was correct in sanctioning Defendant, even if it did so for the wrong reasons. We decline the State's invitation

13

to apply the *Harper/Le Mier* factors, which were not considered by the district court, for the first time on appeal. The State's argument would have this Court make findings of fact and exercise discretion in weighing the facts plainly reserved to the district court. *See State ex rel. King v. Advantageous Cmty. Servs., LLC*, 2014-NMCA-076, ¶ 19, 329 P.3d 738 (noting that in deciding a request for sanctions, the district court sits as the finder of fact); *see also State v. Guerra*, 2012-NMSC-014, ¶ 33, 278 P.3d 1031 ("The decision to [impose as severe sanction] calls on judicial discretion to weigh all the circumstances.").

{29}     We have concluded that the district court applied an incorrect principle of law in summarily denying Defendant's speedy trial motion based on its mistaken belief that Defendant had violated a court order. "[A] trial court abuses its discretion when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Lasen, Inc. v. Tadjikov*, 2020-NMCA-006, ¶ 21, 456 P.3d 1090 (internal quotation marks and citation omitted). The district court did not consider or make findings on any of the factors, including the culpability of Defendant, the prejudice to the State and the court, and the availability of lesser sanctions, all of which must be carefully weighed before such a harsh sanction can be imposed. We will not find facts or substitute our discretion for that of the district court.

**{30}** We decline, as well, Defendant's invitation to review the merits of his speedy trial motion. Because there were no district court proceedings to fully develop the facts, and the district court had no opportunity to make findings, the record is not adequate to allow appellate review. *See State v. Valdez*, 1990-NMCA-018, ¶ 15, 109 N.M. 759, 790 P.2d 1040 (stating that a speedy trial issue not preserved for review where the record is inadequate).

**CONCLUSION**

**{31}** For the foregoing reasons, we reverse and remand this case to the district court with instructions to hear and rule on Defendant's speedy trial motion.

**{32}** **IT IS SO ORDERED.**


_____
**JANE B. YOHALEM, Judge**

**WE CONCUR:**


_____
**KRISTINA BOGARDUS, Judge**


_____
**SHAMMARA H. HENDERSON, Judge**

15