This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41542**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PATRICK JAMES WOODS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Richard M. Jacquez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Peter James O'Connor, Assistant Solicitor General
Albuquerque, NM

for Appellee

Gary C. Mitchell, P.C.
Gary C. Mitchell
Ruidoso, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Patrick James Woods was convicted, upon a guilty plea, of various charges arising from a multi-vehicle collision—including two counts of third-degree homicide by vehicle (reckless driving), NMSA 1978, § 66-8-101(A), (D) (2016); one count of third-degree great bodily injury by vehicle (reckless driving), § 66-8-101(B), (E); leaving the scene of an accident (great bodily harm or death), NMSA 1978, § 66-7-201(B) (1989); and failure to give immediate notice of accidents, NMSA 1978, § 66-7-

206 (2022). On appeal, Defendant argues the district court erred in designating his homicide by vehicle and great bodily injury by vehicle convictions as serious violent offenses under the Earned Meritorious Deductions Act (EMDA), NMSA 1978, § 33-2-34 (2015, amended 2025).[1] We affirm.

## BACKGROUND

**{2}**  In determining that the homicide and great bodily injury by vehicle convictions were serious violent offenses, the district court limited the evidence it considered to the statements of two individuals involved in the crash and the testimony of a responding deputy.[2] The district court took into consideration "the violent nature of the crash" and found the following facts in support of its serious violent offense designations: "That the road was slick, it had been raining; this roadway does not have a median or a center divider of any sorts; [and] . . . that [Defendant's] Jeep crossed into [the] oncoming lane of traffic, striking the vehicle with the victims, and then [went] over that vehicle[,] . . . striking a second vehicle."

**{3}**  In its written order, the district court made additional findings to support its serious violent offense designations:

> The nature of the offense is a serious violent offense based on Defendant's reckless indifference to the victims who were traveling on a two lane highway, and struck head-on by the vehicle operated by Defendant. Defendant crossed into the oncoming lane of traffic and failed to apply the brakes to his vehicle prior to crashing head-on with the vehicle occupied by the victims.

> The nature of the offense is a serious violent offense based on Defendant's indifference to the victims' condition and well-being by fleeing the crash scene. Defendant's conduct in leaving the scene of the crash demonstrates a reckless disregard for the victims who were trapped inside their vehicle.

> . . . .

---

[1] Section 33-2-34 was amended in 2025. *See* 2025 N.M. Laws, ch. 29, § 1. All references in this opinion to Section 33-2-34 are to the 2015 version of that statute—the version in effect at the time the offenses in this case were committed.

[2] In his reply brief, Defendant suggests—without citation to authority—that the district court was only permitted to consider the sworn testimony of the deputy in making its serious violent offense determinations, and that, as a result, the evidence did not support the district court's findings. We decline to consider this contention. *See State v. Fairweather*, 1993-NMSC-065, ¶ 32, 116 N.M. 456, 863 P.2d 1077 (providing that appellate courts "will not address [an] issue . . . raised for the first time in the reply brief"); *State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists.").

The actual resulting harm of the offenses are a serious violent offense based on the death of Desiree Seanez and Jose Marrero, and in addition to the great bodily injury suffered by Dominic Mendoza.[3]

Defendant's actions resulted in pain and suffering to Desiree Seanez and Jose Marrero as they remained trapped inside the vehicle until they passed away.

Defendant's actions resulted in pain and suffering to Dominic Mendoza as he remained trapped inside the vehicle, and continues to suffer pain and suffering on a daily basis as a result of his back injury.

The district court concluded that "[t]he totality of the circumstances in this matter establish that Defendant's conduct constituted recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm."

**DISCUSSION**

**{4}** On appeal, Defendant advances numerous contentions why the district court erred in designating his convictions as serious violent offenses, which we interpret as two broad arguments. First, Defendant argues that the district court erred because its findings were legally insufficient to support the serious violent offense designations. Second, Defendant argues that his right to be free from double jeopardy was violated when the district court relied on conduct underlying his conviction for leaving the scene of the accident and failure to give immediate notice of accidents to support the serious violent offense designations. We address each argument in turn.

**I.      The Serious Violent Offense Designations Were Supported by Legally Sufficient Findings**

**{5}** The two crimes at issue in this case, third-degree homicide by vehicle and third-degree great bodily injury by vehicle, are listed in Section 33-2-34(L)(4)(o) of the EMDA—the discretionary category of offenses that may be classified as serious violent offenses "when the nature of the offense and the resulting harm are such that the court judges the crime to be a serious violent offense." The designation of a conviction as a serious violent offense greatly reduces the amount of good time credit a prisoner is eligible to earn while incarcerated. *See State v. Loretto*, 2006-NMCA-142, ¶ 12, 140 N.M. 705, 147 P.3d 1138. "In order to designate the conduct of a particular defendant as a serious violent offense under the discretionary category, the district court must determine that the crime was 'committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm.'" *State v. Solano*, 2009-NMCA-098, ¶ 10, 146 N.M. 831, 215 P.3d 769 (quoting *State v. Morales*, 2002-NMCA-016, ¶ 16, 131 N.M. 530, 39 P.3d 747, *abrogated on other grounds by State v. Frawley*, 2007-NMSC-

[3]The district court's order appears to misidentify one of the victims as Dominic Mendoza, instead of Dominic Jimenez.

057, ¶ 36, 143 N.M. 7, 172 P.3d 144). This requirement, known as the *Morales* standard,[4] does not "require specific language from the district court." *State v. Cooley*, 2003-NMCA-149, ¶ 18, 134 N.M. 717, 82 P.3d 84. "It is sufficient for the district court to make findings consistent with . . . [this] standard," *id.*, although a district court must make express findings to support its serious violent offense determinations, *State v. Branch*, 2018-NMCA-031, ¶ 56, 417 P.3d 1141.

**{6}** Defendant challenges the legal sufficiency of the district court's serious violent offense designations, claiming that (A) the findings were nonspecific and boilerplate, and (B) the district court impermissibly relied on the elements of his homicide and great bodily injury by vehicle convictions and the physically violent nature of the deaths and serious injury of the victims. We limit our analysis accordingly.[5] *See State v. Melendrez*, 2014-NMCA-062, ¶ 35, 326 P.3d 1126 ("Because [the d]efendant appeals the legal sufficiency of the court's findings but not the sufficiency of the evidence to support those findings, we review only whether the court's findings fulfill the statutory requirements."). Our review is de novo. *See id.* (providing that "[w]e review de novo the legal basis for the court's discretionary finding that [the d]efendant's commission of homicide by vehicle was a serious violent offense").

## A.     The Specificity and Adequacy of the Findings

**{7}** To the extent Defendant argues that the district court did not make specific or adequate findings to support its serious violent offense designations, we disagree. The

---

4Defendant suggests that the *Morales* standard "employ[s] reasons abhorrent to a fair and impartial justice system," and that a crime should only be designated a serious violent offense if the district court determines there is a factual basis to conclude that "a defendant cannot be rehabilitated or is not manageable within our prison system." Without explicitly saying so, Defendant asks that we revisit and overrule *Morales*. Defendant, however, does so without discussing why this Court ought to disregard the vital principles of stare decisis, *see Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶¶ 33-34, 125 N.M. 721, 965 P.2d 305 (discussing the importance of stare decisis and the "special justification" necessary to depart from prior precedent (internal quotation marks and citation omitted)), or citing legal authority, *see Casares*, 2014-NMCA-024, ¶ 18. We therefore decline to consider this argument and proceed with applying the *Morales* standard to this case.

5Defendant argues in passing that the district court's findings supporting its serious violent offense designations "lacked evidence" because Defendant did not have a long record of drunk or reckless driving. We find Defendant's sufficiency challenge unavailing. As an initial matter, the legal assumption underlying Defendant's argument—that only defendants with a history of drunk or reckless driving are eligible to have their homicide or great bodily injury by vehicle convictions designated as serious violent offenses—is unsupported by legal authority and, upon review, incorrect. *See, e.g., State v. Lavone*, 2011-NMCA-084, ¶¶ 7, 10, 150 N.M. 473, 261 P.3d 1105 (affirming the designation of a homicide by vehicle conviction as a serious violent offense based on the defendant's "failure to stop and help" the victims, despite the defendant having "no record and no past history of drinking and driving"). Further, contrary to our appellate rules, Defendant never identifies the particular factual finding or findings he purports to challenge. *See* Rule 12-318(A)(4) NMRA ("A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence."). Nor does he ever directly or adequately attack the district court's findings. *See Stanley v. N.M. Game Comm'n*, 2024-NMCA-006, ¶ 15, 539 P.3d 1224 ("Summarizing the evidence and making a generalized assertion that the evidence does not support the district court's findings of fact, without directly attacking them, is insufficient."). In light of the foregoing, Defendant's sufficiency challenge fails.

district court made specific oral and written findings that "inform . . . [D]efendant . . . of the factual basis on which his good time credit is being substantially reduced, and . . . permit meaningful and effective appellate review of the court's designation." *See Loretto*, 2006-NMCA-142, ¶ 12; *cf. Burris-Awalt v. Knowles*, 2010-NMCA-083, ¶ 10, 148 N.M. 616, 241 P.3d 617 ("[W]hile all of a district court's findings of fact and conclusions of law should typically be reduced to writing and entered along with the final order, failure to do so is not fatal if the findings and conclusions are part of the transcript on appeal."). The court's findings are not "boilerplate" recitations of the statutory language for which we have remanded in other cases. *See Branch*, 2018-NMCA-031, ¶¶ 55, 58-60 (remanding for the district court to make specific findings supporting its serious violent offense designation because "[t]he judgment and sentence contains only the same run-of-the-mill explanation—'due to the nature of the offense and the resulting harm'—that frequently causes us to remand cases for additional factfinding"). Moreover, as Defendant acknowledges in his brief in chief, this Court has upheld the legal sufficiency of serious violent offense designations based on factual findings similar to the ones made here. *See, e.g.*, *State v. Lavone*, 2011-NMCA-084, ¶¶ 1, 7, 10, 150 N.M. 473, 261 P.3d 1105 (upholding the district court's designation of a homicide by vehicle conviction as a serious violent offense "based solely on [the defendant's] failure to stop and help [the victim]"); *Solano*, 2009-NMCA-098, ¶¶ 17-18 (concluding that the district court's finding that the defendant "recklessly veered across the center line and struck the victim with sufficient force to propel her into the bed of [the d]efendant's truck . . . directly relate[d] to whether force was used in a violent manner," thereby satisfying the *Morales* standard).

## B. Reliance on Elements and the Physically Violent Nature of the Offenses

**{8}** As for Defendant's argument that the district court impermissibly relied on elements of his homicide and great bodily injury by vehicle convictions and the physically violent nature of the deaths and serious injury of the victims to reach its serious violent offense determinations, we likewise perceive no error. While it is true that a serious violent offense designation cannot be "based solely on the physically violent death of the victim or on the elements of the crime," *see Lavone*, 2011-NMCA-084, ¶ 10, the district court's designations were not so limited.

**{9}** First, Defendant argues, the district court's finding that he demonstrated "reckless indifference to [the crash] victims" is insufficient "because the reckless indifference is the conscious wrongdoing required as an element" of both offenses. We acknowledge that Defendant's "reckless indifference" when he "crossed into the oncoming lane of traffic and failed to apply the brakes to his vehicle prior to crashing head-on with the [first] vehicle,"[6] is conduct that could also satisfy the "driving in a

---

6With respect to this same conduct, Defendant additionally asserts that "going into the opposite lane unless one has knowledge others are in that lane is not likely to result in serious harm." We interpret this sentence-long argument as a substantial evidence challenge to the district court's finding of recklessness, albeit an undeveloped one. We therefore decline to consider it. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to review an argument that was less than one page long and lacked an "explanation of [the party's] argument").

reckless manner" element of his convictions. *See* UJI 14-241 NMRA (providing that "driving in a reckless manner" requires proof beyond a reasonable doubt that "the defendant drove with willful disregard of the safety of others and at a speed or in a manner that endangered or was likely to endanger any person"). The record, however, demonstrates that the district court considered additional facts beyond this recklessness to make its serious violent offense designations. The "reckless disregard" that the district court found Defendant demonstrated when he fled and left the victims trapped in their vehicles is not the same recklessness Defendant exhibited while driving his vehicle. *See Lavone*, 2011-NMCA-084, ¶ 10 (concluding that the defendant's "conduct in leaving the scene of the accident still demonstrated reckless disregard for the victim" even though it "occurred immediately after the accident rather than before it").

**{10}**    Second, Defendant argues that the district court erroneously relied on the physically violent nature of the deaths and serious injury of the victims to reach its serious violent offense determinations. Defendant's argument is misplaced. The district court made the following relevant findings: Defendant "crossed into the oncoming lane of traffic and failed to apply the brakes to his vehicle prior to crashing head-on with the vehicle occupied by the [homicide] victims"; Defendant's vehicle went "over that vehicle[,] striking a second vehicle"; the victims were subjected to "pain and suffering" as they "remained trapped" and "pinned inside [their] vehicle[s]"; and the victim who survived "continues to suffer pain and suffering on a daily basis as a result of his back injury." These findings do not impermissibly rely on the mere fact that Defendant used a vehicle to commit the homicides and great bodily injury—elements of the respective crimes. *See Solano*, 2009-NMCA-098, ¶ 18; *see also* UJI 14-240C(2) NMRA (homicide by vehicle); UJI 14-240D(2) NMRA (great bodily injury by vehicle). Instead, they deal with "the violent manner in which the crime[s were] committed," *see Solano*, 2009-NMCA-098, ¶ 18, and the "resulting harm" considering the circumstances of the victims' deaths and the pain and suffering caused by the particular great bodily injury caused by Defendant's conduct, *see* § 33-2-34(L)(4)(o)—appropriate considerations in making serious violent offense determinations. *See Solano*, 2009-NMCA-098, ¶ 18 (rejecting a similar argument where "the district court considered more than the mere use of a vehicle to commit the homicide: [the d]efendant recklessly operated the truck at a high rate of speed that caused the victim, once struck, to be propelled through the air and into the bed of [the d]efendant's truck" (omission and internal quotation marks omitted)); *see also Morales*, 2002-NMCA-016, ¶ 16 (providing that the "statutory factor of actual 'resulting harm' may be considered in determining a defendant's intent" for the purpose of making a serious violent offense determination).

**{11}**    For these reasons, we are unpersuaded by Defendant's argument that the district court's findings were legally insufficient to support the district court's serious violent offense designations. *See Melendrez*, 2014-NMCA-062, ¶¶ 36-37 (concluding that the district court made sufficient findings to support its determination that the defendant's homicide by vehicle conviction was a serious violent offense, and that the district court did not "impermissibly rely primarily on the elements of the crime" because its findings went "well beyond the definitional elements of homicide by vehicle").

## II.    Defendant's Double Jeopardy Rights Were Not Violated

**{12}**    Finally, Defendant contends that his right to be free from double jeopardy was violated when the district court relied on conduct underlying his convictions for leaving the scene of an accident and failure to give immediate notice of accidents to designate his homicide and great bodily injury by vehicle convictions as serious violent offenses. Defendant argues that "[t]he State, if it charges and convicts of a crime, cannot and should not be allowed to use the same facts for [a serious violent offense] determination." This argument, however, has been rejected by our appellate courts. *See State v. Schoonmaker*, 2008-NMSC-010, ¶¶ 52-53, 143 N.M. 373, 176 P.3d 1105 (concluding that "[l]imiting a defendant's ability to earn meritorious deductions does not result in punishment beyond that which has been statutorily established for the offense," and therefore, "us[ing] an element of the crime as a factor in finding a serious violent offense" does not violate double jeopardy protections), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850; *Lavone*, 2011-NMCA-084, ¶ 24 (concluding that the designation of a crime as a serious violent offense did not subject the defendant to double jeopardy because "[t]he EMDA does not change the penalty, impose an additional penalty, or lead to impermissible further punishment").[7] Thus, to the extent the district court relied in part on conduct that satisfied the elements of Defendant's criminal convictions for leaving the scene of an accident or failure to give immediate notice of accidents in making its serious violent offense determinations, we perceive no error.

## CONCLUSION

**{13}**    For the foregoing reasons, we affirm.

**{14}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**

---

[7]We reject Defendant's conclusory assertion that the "EMDA in reality adds time to a prison sentence" because, as Defendant concedes in his briefing, "the EMDA has been determined by appellate court[s] to not add time to a defendant's sentence," *see, e.g.*, *State v. Montoya*, 2005-NMCA-078, ¶¶ 14-15, 137 N.M. 713, 114 P.3d 393, and he fails to provide us with "a compelling reason to overrule" this precedent, *see State v. Dirickson*, 2024-NMCA-038, ¶ 27, 547 P.3d 781 ("Based on the importance of stare decisis, we require a compelling reason to overrule one of our prior cases." (internal quotation marks and citation omitted)).